FIDELITY & CASUALTY COMPANY OF NEW YORK v. D. N. MORRISON CONST. CO. OF VIRGINIA.

156 So. 385.
Oipnion Filed August 1, 1934.
Petition for Rehearing Denied Sept. 18, 1934.

*Miller, McKay, Dixon & DeJarnette,* for Plaintiff in Error;

*Hudson & Cason,* and *G. M. McNutt,* for Defendant in Error.

TERRELL, J.—D. N. Morrison Construction Company, Incorporated, and Coley & Peterson,. Incorporated, are both general contractors of Virgina. They entered into a contract with Robert Clay Hotel Corporation of Miami, the former to construct the Robert Clay Hotel and the latter to install the plumbing and heating therein. In September, 1926, D. N. Morrison Construction Company, Incorporated, and Coley & Peterson, Incorporated, filed separate bills of complaint to establish and foreclose mechanics' liens against Robert Clay Hotel Corporation, which had under Section 3552, Revised General Statutes of 1920, Section 5396, Compiled General Laws of 1927, filed its bond with Fidelity and Casualty Company of New York as surety to release the lien sought to be foreclosed. Fidelity and Casualty Company was made a party defendant to the chancery causes; but disclaimed liability on the bond. Its objections were overruled and appeal therefrom was taken to this Court. See Fidelity. and Casualty Co. v. D. N. Morrison Construction Company, Inc., of Virginia, 99 Fla. 309, 126 So. 157.

In the last cited case this Court held that a bond given under Section 3532, Revised General Statutes of 1920, is not substituted for the land on which the improvement is made in the sense that equity may proceed against the bond as it could against the land. The bond is a contract of indemnity and if denied by the surety or maker it raises an issue upon which our Constitution preserves the right of

trial by jury though the lienor may by his suit in equity procure a decree *in personam* against the lienee. Specific directions were given by the opinion to be pursued under such circumstances as are involved here.

The mandate went down and a final decree was entered pursuant to directions of this Court in which the Chancellor adjudged the equities to be with Morrison Construction Company and Coley and Peterson and that they were entitled to first and prior liens against the lands on which the hotel was constructed. They were also directed by the final decree to institute their actions at law upon the surety bonds given to release the liens of complainants. Appeal was taken to this Court from said final decree and is pending here under the name of Robert C. Hogue v. D. N. Morrison Construction Company, Incorporated, of Virginia, *et al.* Other suits to foreclose against the same lands had been brought in the meantime. All were consolidated under the last entitled suit.

Morrison Construction Company and Coley and Peterson, each filed actions at law on the surety bonds as directed in the final decree, resulting in directed verdicts for the amount found to be due them, by the Chancellor in the chancery cause. This writ of error is to the final judgment on the directed verdict in the law action in favor of D. N. Morrison Construction Company.

The declaration of D. N. Morrison Construction Company alleges the filing of the notice of lien by the contractor, the filing of the surety bond under the statute to release the lien, the decree establishing the lien, demand for payment and refusal to pay it. Fidelity & Casualty Company interposed a plea of *non est factum* and eleven special pleas. A demurrer to the special pleas was sustained and issue was joined on the plea of *non est factum.* By this plea the sole question raised below and brought here for solution is

whether or not the act of the agent, Tarilton, in signing the bond on which the instant cause is predicated bound the defendant, Fidelity and Casualty Company.

Plaintiff in error contends that Tarilton's authority was limited to the execution of bonds in the sum of $50,000 or less, that in this case he executed a bond in excess of that amount for the purpose of enabling the owner of the property to release a mechanic's lien thereon, that the maker did not know of the existence of the bond for several weeks after it was filed, received no premium thereon and repudiated it as soon as found to be in existence. It is therefore not bound thereon.

Defendant in error contends that Tarilton was the agent of Fidelity and Guaranty Company, plaintiff in error, under Section 4345, Revised General Statutes of 1920, Section 6307, Compiled General Laws of 1927, that he executed the bond on behalf of his principal for the purpose of releasing a mechanic's lien acquired under Section 3532, Revised General Statutes of 1920, Section 5396, Compiled General Laws of 1927, that the bond was approved by the clerk of the court as prescribed by statute and that such a bond is not rendered invalid by limitations upon the agent's authority contained in his power of attorney or agency contract when that power is exceeded if such limitations were not communicated to the obligee and the bond was executed as required by statute without the obligee's knowledge or opportunity to examine into the agent's authority.

In fine, plaintiff in error contends that this cause is controlled by the general principles of law relating to the apparent authority of non-resident surety company agents, while defendant in error contends that it is controlled by the general principles of law relating to the authority of a statutory agent of a non-resident surety company.

To support its contention defendant in error relies on Parsons v. Federal Realty Corporation, 105 Fla. 105, 143 So. 912. Insofar as applied to the case at bar, this court held in Parsons v. Federal Realty Corporation, that Section 4345, Revised General Statutes of 1920, Section 6307, Compiled General Laws of 1927, does not conclusively fix the scope and extent of the authority of the agent of a surety company, that the apparent authority of such an agent is equal to real authority, as to third persons, when limitations on it are not made known to the public, and that whether or not said agents are vested with apparent authority to execute surety bonds presents a mixed question of law and fact. We also held in this case that where the circumstances reasonably suggest inquiry as to limitations on the agent's authority, notice of said limitations will be imputed to third persons. The statute, in other words, creates an irrebuttable presumption of agency and when clothed with the statutory prerequisites as such, apparent authority is equal to real authority in the absence of proper steps taken to put the world on notice. When the agent's limitations of authority are not made known, the liability of the Surety Company on particular undertakings executed by the agent under his apparent authority will depend upon the facts and circumstances of the particular case. This holding is in line with our decision in American Fire Insurance Company v. King Lumber & Manufacturing Co., 74 Fla. 120, 77 So. 168, approved in 250 U. S. 2, 63 L. Ed. 810, 39 Sup. Ct. Rep. 431, construing a similar statute relating to agents of Insurance Companies. Section 4256, Revised General Statutes, Section 6207, Compiled General Laws of 1927; Mutual Life Insurance Company v. Hilton-Green, 241 U. S. 613, 60 L. Ed. 1202, 36 Sup. Ct. Rep. 676; Pacific Mutual Life Ins. Co. of Calif. v. Barton, 50 Fed. (2nd) 362.

The court below specifically found that no recovery could be had here on the ground of express authority of the agent of plaintiff in error to execute the bond in question, but that upon ground of apparent authority liability was shown and should be imposed on it. This finding was based on the decision in Parsons v. Federal Realty Corporation, *supra,* construing the statute fixing the status of surety company agents.

From the record, this case was tried on the theory that Tarilton was the statutory agent of the plaintiff in error, acting with general authority rather than the ordinary agent acting with apparent authority. In the case of the ordinary or general agent, the lienor, plaintiff, has the burden of proving that he was justified under the circumstances of the case in dealing with the agent as such, while in the case of the statutory agent, his acts are binding unless there were limitations upon his authority which were known to the plaintiff or unless there was something in the circumstances surrounding the transaction · to put him on inquiry. In the case of the statutory agent, the burden is on the surety company to prove such limitations.

Apparent authority is such as the principal knowingly permits the agent to assume or which he holds the agent out as possessing. This rule is sometimes spoken of as the rule of agency by estoppel and embraces three primary elements. They are: (1) A representation by the principal, (2) Reliance on that representation by a third person, and (3) A change of position by the third person, in reliance upon such representation. To bring a case within the rule all three elements must be present. 2 C. J. Agency, Section 72 and 212.

In Section 213, same title in Corpus Juris, we are told that it is essential to the application of the above general rule that two important facts be clearly established (1) that·

the principal held the agent out to the public as possessing sufficient authority to embrace the particular act in question, or knowingly permitted him to act as having such authority, and (2) that the person dealing with the agent knew of the facts and acting in good faith had reason to believe that the agent possessed the necessary authority.

The general law regulating the apparent authority of agents in general is well settled, but is somewhat modified by our statute affecting surety company agents, consequently the rule relied on by plaintiff in error is not applicable here. We have examined the cases cited by plaintiff in error and they all turn as this case must turn, on the particular facts out of which they grew.

It is shown here that the plaintiff in error surety company selected its agent, advertised him to the world and authorized him to solicit business, he was given blank forms, blank applications, a seal of the corporation and stationery with the corporate name. It allowed him over a term of years to execute and deliver bonds and collect the premiums thereon. He was held out as a general agent and so far as the public knew, there was no limitation on his authority. It is shown that the plaintiff in error had a contract with the agent in question, but it was not of record. If it contained limitations on his authority they were not material as the obligee was not advised of them and had no way of knowing them. There was in fact no effort whatever exemplified to advise the public of any limitations on the agent's authority.

The bond in question was one commonly executed by the company. It was in all respects regular. There was nothing unusual about it. The lienor saw it about ten days after it was written. It was in due form and there was nothing in the circumstances of the case to put the defendant in error on inquiry as to the agent's authority.

The evidence supports the finding and judgment below which must be and is hereby affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

BROWN, J., dissents.