## HARTLINE v. MUTUAL BENEFIT HEALTH & ACCIDENT ASS'N.

### No. 8743.

Circuit Court of Appeals, Fifth Circuit.
April 25, 1938.

E. C. Johnson, of Tampa, Fla., for appellant.

R. W. Shackleford, of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The same parties were before us touching the same transaction of health and accident insurance in Hartline v. Mutual Benefit Health & Accident Association, 5 Cir., 84 F.2d 21, 23. It was there held that no contract of insurance was effected by action at the home office, and that the allegations of an oral contract with the agent who solicited the insurance were insufficient because of confusion in them on the point of his authority. After holding that the forms furnished the agent by the association did not show authority to contract and that the agent's assertion of authority would not prove it, we concluded: "But oral contracts of insurance are valid in Florida, and we desire to leave the matter open for a better suit if a case can be truthfully alleged of an ad interim or a final contract of insurance orally made by due authority of the association and in force at insured's death." The present suit was brought accordingly. On a trial, proof of what was done and said was excluded on the ground that there was no sufficient evidence that the agent of the association, Clements, had authority to contract, and a verdict was directed for the defendant.

The evidence showed the same written application signed by Hartline, and premium receipts signed by Clements, which were described in our previous opinion. Clements testified in behalf of the plaintiff that he was a soliciting agent of the association, furnished with blank forms for applications and for premium receipts, and with pamphlets descriptive of various policies. He had no policy blanks. "I was authorized to receive applications for accident insurance and for sick and health insurance. My instructions were to write

the applications and collect the first payment and turn the net in to the Company. The first payment would cover approximately three months. * * * I was authorized to fill in the blanks of the application forms. * * * I was furnished with blank receipts to be given when I took money from applicants for insurance." The application form which Hartline signed contained this: "Do you agree that this application shall not be binding upon the Association until accepted by the Association, nor until policy is accepted by the insured while in good health and free from injury? Yes." Attached to the application is a form of recommendation for signature by the "Soliciting Agent" and executed by Clements; and one for signature by the "General Agent" signed by C. B. Pepper. The premium receipt form said: "Received of ————— an application for a policy in the Mutual Benefit Health and Accident Association and $————. Should the Company decline to issue the insurance applied for, I do hereby agree to return the above sum to said applicant. ————— Agent. This pays your insurance from date on which policy is issued and delivered until —————, 19—. Read other side of this receipt." On the other side is printed: "You should receive notice within ten days from this date that your application has been received at our Omaha office. If it does not reach you within that time please notify us. Mutual Benefit and Accident Association, Faidley Building, Omaha, Nebraska."

■ There is thus no proof of express authority in Clements to make any contract of insurance, oral or written. He makes himself out only a soliciting agent to get applications. Nor is there proof of ostensible or apparent authority. The Florida court has well defined it thus: "Apparent authority is such as the principal knowingly permits the agent to assume or which he holds the agent out as possessing." Fidelity & Casualty Co. v. Morrison Construction Co., 116 Fla. 66, 156 So. 385, 387. There is here no proof at all that the association knew that Clements had ever assumed the authority of making oral contracts of insurance. The blanks he was given do not hold him out as having it. They all indicate that he as soliciting agent might take and recommend applications which were not to be effective until a policy was issued and accepted, and that the money he might collect was to be held tentatively and returned if the insurance was not undertaken by the association, but if granted to be pay for the insurance from the date of the issuance and delivery of the policy to a stated day. While they do not say that he has no other authority, this is all they hold him out as having. There is not enough to show that he is a contracting as well as a soliciting agent. The difference is wide and familiar in all sorts of businesses, and especially well marked in the business of insurance. Maryland Casualty Co. v. Seay, 5 Cir., 56 F.2d 322.

■ But there is cited a statute of Florida, Comp.Gen.Stats. of 1927, § 6207, which declares: "Any person or firm in this State, who * * * receives or receipts for money from other persons to be transmitted to any such company * * * for a policy of insurance, or any renewal thereof, although such policy of insurance is not signed by him or them, as agent or representative of such company, * * * or who in anywise directly or indirectly makes or causes to be made, any contract of insurance for or on account of such insurance company, * * * shall be deemed to all intents and purposes an agent or representative of such company." The statute was held to make a fire insurance broker the agent of the insurance company so as to affect it with the results of notice to him while placing the insurance. American Fire Ins. Co. v. King Lumber Co., 74 Fla. 130, 77 So. 168, affirmed 250 U.S. 2, 39 S.Ct. 431, 63 L.Ed 810. But in Mutual Life Ins. Co. v. Hilton-Green, 241 U.S. 613, 36 S.Ct. 676, 60 L.Ed. 1202, it was held that the statute did not fix the scope of the agent's authority as between the company and third parties, nor raise special agents with limited authority into general ones with unlimited power. This court has several times held it does not give one whom it declares shall be deemed the agent of the insurance company powers which were known to be denied him. See Pacific Mutual Ins. Co. v. Barton, 5 Cir., 50 F.2d 362, at page 365. The Supreme Court of Florida, in applying another statute which it said was similar and ought to be construed similarly, cited with approval all these cases, and after elaborate consideration and reconsideration held: "The relationship, or status, of agency is not only prima facie, but conclusively, fixed by the statute. But the scope and extent of the authority of such agents between the company and third persons is not so conclusively fixed by the

statute itself as to fasten irrebuttable liability on the company for any bond or agreement the agent may sign, from the mere fact that he does sign it." Parsons v. Federal Realty Corporation, 105 Fla. 105, 143 So. 912, 920, 88 A.L.R. 275. The agent there concerned had authority to sign bonds, but not for so large an amount. The limitation was held to be known to the obligee and the bond held void. In Fidelity & Casualty Co. v. Morrison Const. Co., 116 Fla. 66, 156 So. 385, it was asserted that where the statute applied the burden was on the company to establish the limitation on the agent's authority, and that the obligee was cognizant of it or put on inquiry. But here again the agent in fact had authority to contract, with a limitation as to amount. The limitation being unknown to the obligee, the contract was upheld. In the case before us Clements appears to be a soliciting agent without any power to contract at all. It is not a case of a secret limitation on an agent's power, but of the total absence of power of the kind he is said to have attempted to use. We are unwilling to hold that the statute either prima facie or conclusively turns a soliciting agent into a contracting agent.

Evidence was offered and rejected that the agents of the association working out of the office of Mr. Pepper, the district manager at Tampa, Fla., customarily stated to applicants that on signing the applications and paying the premium the accident provisions of the policy went into effect, and that Mr. Pepper knew this. The offered evidence was not admissible. It seems to be merely the expression of an incorrect opinion by the agents. Whether Mr. Pepper so far represented the company as to estop it by his knowledge of a false statement, or whether he could have bound the association by authorizing it, does not appear. The association therefore is not presented as holding out the agents, including Clements, as authorized to contract for immediate insurance. Agents cannot create ostensible authority by saying things which are totally outside their actual authority and which are unknown to their principal.

Judgment affirmed.