141 So.2d 280 (1961)
Kenneth R. HUGHES, Appellant,
v.
Clarence W. PIERCE, Mary Ann Pierce, Agnes Juanita Pierce, J. Frank Mason, Auto-Owners Insurance Company, a corporation, and Millers Mutual Insurance Company, a corporation, appellees.
No. C-282.
District Court of Appeal of Florida, First District.
October 31, 1961.
Rehearing Denied December 29, 1961.
*281 S. Perry Penland, Jacksonville, for appellant.
Boggs, Blalock & Holbrook, Adair, Ulmer, Murchison, Kent & Ashby, Boyd, Jenerette & Leemis, and Howell, Kirby, Montgomery & Sands, Jacksonville, for appellees.
FITZPATRICK, W.L., Associate Judge.
This is an appeal from a summary final judgment rendered in favor of appellees, Auto-Owners Insurance Company and Millers Mutual Insurance Company. The sole question for determination is whether the pleadings, affidavits, depositions and other evidence create no genuine issue of material fact entitling appellees to judgment as a matter of law.
This action is one for declaratory decree seeking a determination of the contractual rights, duties and obligations existing between appellant and appellee insurance companies. The appellant desired an automobile liability policy and was introduced by a friend to J. Frank Mason, agent for each of the appellees. Appellant met Mason on a social basis, was presented with Mason's business card and invited to contact Mason at his office. Several days later appellant went to Mason's office to secure the insurance policy. He gave Mason the usual information required to secure minimum liability coverage on a 1956 Buick Century, 4-door, 8-cylinder, motor number 19647226, finance company, GMAC (Plaintiff's exhibit 4). Appellant was told by Mason that the semi-annual premium on the policy would be $30.20 which the appellant paid and for which Mason issued an official receipt bearing the notation "6 mos. Auto Liab Pol." Mason told the appellant that Auto-Owners Insurance Company would issue the policy and it would be mailed to the appellant. Mason gave appellant a business card, on one side of which appeared the name of Mason's insurance agency, giving his business address and telephone number, together with a printed calendar of the current year. On the reverse side of the card was the name "Auto-Owners Insurance  Automobiles  Fire  Casualty  Bonds  Compensation", together with a picture of a young man and lady and the words "We like our local agent". Appellant was told by Mason that the receipt would cover him until the policy was actually delivered. This transaction took place March 25, 1958. On two subsequent occasions appellant called Mason by telephone to determine why his policy had not been delivered. On each occasion he was advised by Mason that the policy would be mailed to him as soon as it was issued. On April 15, appellant called Mason and reported that his automobile had been involved in an accident in which several people were injured and he was then advised by Mason that the insurance company had rejected his application.
The injured persons instituted suit against appellant for their damages. Mason was properly notified of the institution of the suit and proper request for defense of the action was made by appellant. Auto-Owners Insurance Company denied any responsibility on the ground that they had no contractual liability and were under no obligation to defend the suit or indemnify *282 appellant for any loss he may suffer as a result thereof. The company had no knowledge of appellant's negotiations with Mason until after the accident and Mason had no actual authority to issue policies in his office although he was their duly appointed and authorized agent. He had been instructed not to accept applications for policies to unmarried men who were members of the armed forces of the United States, such as appellant. Under his agency contract Mason was authorized to accept applications for automobile liability insurance, transmit them to the company and permit the company to accept or reject the application and either issue the policy or deny the application. Mason had full knowledge that appellant was an unmarried serviceman. When the company denied liability appellant employed counsel to defend the action brought against him. Substantial judgments were entered against appellant, for which he is now liable.
Nowhere in the record is there any evidence, by inference or otherwise, of any liability of Millers Mutual Insurance Company; therefore the summary judgment entered in its favor is affirmed.
The prime point for consideration in connection with Auto-Owners Insurance Company is whether or not there is a genuine issue of fact as to the existence of a contractual relationship, under the facts hereinabove stated, between appellant and Auto-Owners Insurance Company, which would render Auto-Owners Insurance Company liable for the loss suffered by appellant as a result of the operation of his automobile. The record discloses that the trial court refused to grant summary judgment in favor of the agent, Mason, individually; therefore, it is apparent that the lower court felt there was a genuine issue of fact touching on Mason's personal responsibility.
Auto-Owners Insurance Company takes the position that Mason had no actual or apparent authority to bind the company by an oral contract of insurance such as is relied on by appellant. We agree that Mason had no actual authority from Auto-Owners Insurance Company to bind them to an oral contract of insurance. We must determine whether or not there is a genuine issue of fact concerning the apparent authority of Mason to bind Auto-Owners Insurance Company.
Before making a determination of this issue it must first be recognized that considering the manner in which Mason conducted his insurance business it must be conceded that his legal status falls within the category of a "general lines agent" as defined by the pertinent statute of this state. (F.S. § 626.041, F.S.A.) As such he is licensed to represent insurance companies in the solicitation and sale of casualty insurance policies; to take applications for such policies and accept for transmittal to the company he represents money for insurance premiums and to issue receipts therefor; to negotiate, effect and procure, receive, deliver or forward, directly or indirectly, an insurance contract or renewal thereof or any endorsement relating to any insurance contract; to directly or indirectly cause to be made contracts of insurance for or on account of insurers whom he represents and to discharge other duties and functions normally performed by an insurance agent as outlined in the statute. It is equally clear that Mason was not a "solicitor" within the purview of the applicable statute, (F.S. § 626.071, F.S.A.) whose authority is strictly delimited, and who is employed by and acts solely and only for an insurance agent licensed under the laws of this state. The foregoing distinction is observed in order that the rules of law applicable to the acts of those engaged in the insurance business may be more clearly understood.
In Appleman on Insurance Law and Practice, Vol. 16, Sec. 8676 says: "An insurance agent cannot, of course, contract for insurance so as to bind his company without real or apparent authority therefor. The insurer is considered to be bound by the act of its agent only when the agent's act is within the scope of his apparent authority *283 and the insured is not aware of any limitation thereon. The powers of such agents are governed by the general laws of agency, and an insurance agent possesses such powers only as have been conferred by his principal, or such as third persons have a right to assume that he possesses under the circumstances of the case. And while restrictions of which the insured has no notice are not binding on him, he cannot hold the insurer bound by the acts, contracts or representations of an agent, whether general or special, which are beyond the agent's authority, as known either actually or circumstantially to him."
In support of its position Auto-Owners relies upon the decision rendered by the Supreme Court in the Morrison Construction Company case. Fidelity & Casualty Co. of New York v. D.N. Morrison Const. Co., 1934, 116 Fla. 66, 156 So. 385. In that case the appellant surety company sought to disclaim liability on a bond issued by one of its agents on the contention that the agent exceeded his authority in writing the bond in an amount exceeding the maximum limitation imposed by the company. The decision turned on the question of real or apparent authority of the agent to bind the company irrespective of the limitations on his authority which limitation was known only to the company and the agent. By its decision the court considered those provisions of the statute relating to insurance agents acting for surety companies and held that in the case of an ordinary or general agent, the party dealing with such agent has the burden of proving that he was justified under the circumstances of the case in dealing with the agent as such while in the case of a statutory agent his acts are binding on the company unless there were limitations upon his authority which were known to the person dealing with him or unless there was something in the circumstances surrounding the transaction to put such person on inquiry. In the case of a statutory agent the burden was placed on the surety company to prove such limitations. The court found from the facts in that case the surety company had selected their agent, advertised him to the world and authorized him to solicit business. He was given business blank forms, blank applications, a seal of the corporation and stationery with the corporate name. It allowed him over a period of years to execute and deliver bonds and to collect the premiums thereon. He was held out as a general agent and insofar as the public knew there was no limitation on his authority. The surety had a contract with its agent, but it was not of record. If it contained limitations on his authority, they were not material as the obligee was not advised of them and had no way of knowing of them. There was in fact no effort whatever exemplified to advise the public of any limitations on the agent's authority. It was there held that under the facts in that case the trial court was correct in directing a verdict in favor of the obligee on the surety bond since it affirmatively appeared that the surety company had clothed its agent with apparent authority to issue the bond binding of the company.
Relating the facts and principle of law announced by the Supreme Court in the Morrison case to the facts in our case we find that Auto-Owners had selected and contracted with Mason to represent it in the solicitation and sale of automobile liability insurance policies. The company held Mason out to the world as its agent by printing and delivering to him at a nominal cost the business cards containing the name of Mason's agency and the address and telephone number and designating him as the agent of Auto-Owners engaged in the casualty insurance field. Under the statute Mason was a general lines agent authorized to solicit appellant's business, to accept the premium paid to him by appellant and to receipt for the same. Mason was authorized under the statute to cause the issuance of the insurance policy which plaintiff contracted for and was likewise authorized and empowered to enter into insurance contracts for and on behalf of Auto-Owners. Whether the facts shown by the record in this case *284 constituted circumstances which should have placed appellant on inquiry as to Mason's authority to bind the company by an oral contract of insurance with appellant is a question for the jury to determine. Whether under the facts in this record Mason had the apparent authority to enter into the oral contract of insurance sued upon is likewise a jury question.
One of the earliest cases involving the authority of an insurance agent to bind its principal is American Fire Ins. Co. v. King Lbr. & Mfg. Co., 1917, 74 Fla. 130, 77 So. 168. It was there held that the acts of an agent performed within the scope of his real or apparent authority are binding upon his principal. The public have a right to rely upon the agent's apparent authority and are not bound to inquire as to its special powers, unless the circumstances are such as to put them upon inquiry.
In Parsons v. Federal Realty Corp., 1931, 105 Fla. 105, 143 So. 912, 88 A.L.R. 275, it was held that the statutes of the state relating to insurance agents, and defining their authority, create an irrebuttable presumption of law as to the agent's legal status but do not undertake to conclusively fix the scope and extent of the agent's authority as between the insurance company and third persons. It was there held that while the status of agency is irrebuttable when the statutory particulars of agency are present, apparent authority is equal to real authority when the agent's limitations are not made known, and liability of the company on particular undertakings executed by the agent under his apparent authority to execute them will depend upon the facts and circumstances of the particular case. This rule was subsequently followed in Hallowes v. New York Life Ins. Co., 1938, 133 Fla. 872, 184 So. 7, 12, 14.
Since in this case Mason occupied the legal status under our statute as a general lines agent, it is irrebuttable that he was clothed with the apparent authority to perform every act on behalf of his principal which the statute gave him the right to do. By reference to the statute we see that a general lines agent is authorized to enter into contracts of insurance on behalf of the insurance companies he represents. Being so clothed with apparent authority, a third person may rely on his apparent authority to bind his principal by an oral contract of insurance and unless Mason's authority is limited by the company, which limitation is known to the third person, such third person will not be bound by the limitations unless the circumstances are such as would put a reasonable man on inquiry as to such limitations of authority.
In the case of Industrial Ins. Co., of N.J. v. First Nat. Bank of Miami, Fla. 1952, 57 So.2d 23, 26, the Supreme Court reaffirmed the rule previously announced by it in the case of Aetna Ins. Co. v. Holmes, 59 Fla. 116, 52 So. 801, when it said: "`The acts of an agent, performed within the scope of his real or apparent authority, are binding upon his principal. * * * The public have a right to rely upon an agent's apparent authority, and are not bound to inquire as to his special power, unless the circumstances are such as to put them upon inquiry.'"
In Centennial Ins. Co. v. Parnell, Fla. 1955, 83 So.2d 688, the Supreme Court considered the question of the apparent authority of an insurance agent to bind his principal. That case involved a contract of marine insurance. The Supreme Court found from the evidence that the putative agent who handled the transaction for the insured Parnell was in fact not the agent of the insurance company being sued. Upon such finding it reversed the judgment rendered by the trial court in favor of Parnell and against the insurance company. The court found from the evidence that the putative agent had no actual authority to bind the insurance company to the risk, he had none of the indicia of apparent authority to do so  no application forms, literature, letterheads, calling cards, or anything else. By inference it may be reasonably concluded from this opinion that if the putative agent did in fact represent the *285 insurance company and possesses the indicia of authority to bind it by having in its possession literature, letterheads or calling cards furnished to him by the company, then he would have been clothed with apparent authority to bind the company and the insured Parnell would have been protected.
It is apparent that Mason occupied the legal status of a general lines agent representing Auto-Owners Insurance Company and was therefore clothed with apparent authority to bind Auto-Owners Insurance Company. The question of apparent authority is one for a jury to determine.
The summary judgment entered in favor of Millers Mutual Insurance Company is therefore affirmed and the summary judgment entered in favor of Auto-Owners Insurance Company is reversed.
WIGGINTON, Acting Chief Judge, and STURGIS, J., concur.