148 So.2d 559 (1963)
Della B. BRADLEY and Elizabeth Bell Bradley, a minor, by her mother and next friend, Della B. Bradley, Appellants,
v.
The WESTERN AND SOUTHERN LIFE INSURANCE COMPANY, a mutual company of Cincinnati, Ohio, Appellee.
No. D-441.
District Court of Appeal of Florida. First District.
January 17, 1963.
Jack S. Graff, of Levin & Askew, Pensacola, for appellant.
Robert P. Gaines, of Beggs, Lane, Daniel, Middlebrooks & Gaines, Pensacola, for appellee.
CARROLL, DONALD K., Chief Judge.
The plaintiffs in an action on an insurance contract have appealed from an order entered by the Circuit Court for Escambia County, dismissing their amended complaint.
The question for determination in this appeal is whether the said complaint states a cause of action against the defendant, an insurance company.
The said complaint is in two counts, each denominated a cause of action.
*560 In the first count the plaintiffs allege that on December 26, 1961, the plaintiff Della B. Bradley and the defendant insurer entered into an agreement whereby she paid to an agent of the defendant the sum of $9.90 in consideration for which the defendant, through its agent, promised, in the event of the death of her husband, Joseph Bradley, to pay to the plaintiffs jointly the sum of $5,000, the said $9.90 being the amount equal to one monthly premium on a $5,000 policy of the type applied for; that the said payment is evidenced by a writing, which is made by reference a part of the complaint. The said complaint also alleges that on January 20, 1962, an agent of the defendant promised, assured, and represented to the plaintiffs that the life of Joseph Bradley was completely insured in the sum of $5,000 and would remain so insured, without further payment of premiums until Bradley was examined by a physician chosen by and acting on behalf of the defendant; that during the said month an agent of the defendant promised to make arrangements for the said examination but failed to do so, and further assured the said plaintiff that her husband was completely insured; that during the same month the said plaintiff volunteered to make further payments to the said agent in order that she be assured that her husband was covered by life insurance, but the agent refused the said offer of payment and assured her that such payments were not necessary to effect continued coverage; that, relying on such representations, the said plaintiff made no additional arrangements to procure life insurance elsewhere. It is also alleged that Joseph Bradley died on February 2, 1962, but the defendant refused to pay $5,000 to the plaintiffs.
The second count of the amended complaint re-alleges the above allegations and characterizes the said assurances as misrepresentations made by the agent without knowledge as to whether or not the said insurance would be in force as stated.
Incorporated in the amended complaint by reference is a form of receipt dated December 26, 1961, and signed by an agent of the defendant. The writing recites the receipt from the said plaintiff, Mrs. Bradley, the sum of $9.90 with application for a policy upon the life of Joseph Bradley. The printed form of receipt contains the usual provisions that the insurer reserves the right to reject the application and that failure to approve the application within 30 days constitutes a rejection. The last paragraph of this form provides:
"It is understood and agreed that no agent or any other person, except the President or Secretary, has power to make or modify any contract of insurance or to bind Western and Southern by making any promise or representation and that no statement made to or by, and no knowledge on the part of, any agent or other person shall be considered as having been made to, or brought to the knowledge of, Western and Southern unless reduced to writing and made a part of the application."
The use of the non-waiver provision just quoted from the receipt has been sanctioned by Section 627.0209, Florida Statutes, reading:
"627.0209 Authority to alter contract
"There shall be a provision, at the option of the insurer, that no agent shall have the power or authority to waive, change, or alter any of the terms or conditions of any policy; except that, at the option of the insurer, the terms or conditions may be changed by an endorsement or rider signed by a duly authorized officer of the insurer."
The issue is thus squarely presented as to whether, in view of the non-waiver provision quoted above, the defendant insurance company is bound by the representations allegedly made by its agent regarding the insurance coverage on the life of Joseph Bradley, whose death occurred more than 30 days after the date of the application.
Forceful "ad hominem" arguments can be made on both sides of this proposition, and *561 numerous authorities can be and here are cited in support of either position. This case presents the typical dilemma arising when two legal principles come into conflict. On the one hand, it appears unjust to permit an insurer to profit from the business obtained through the representations made by its agents and then to disclaim liability on the basis of a non-waiver provision such as that here. On the other hand, the sanctity of written contracts may be involved, and the insurance industry could hardly exist if insurers were liable for the insurance contracts made by their zealous solicitors.
It will be noted that the plaintiffs have not alleged in their amended complaint that the agent in question was a general agent or officer of the defendant, that the latter was on notice that the said agent commonly made such representations, or that the defendant had previously honored oral contracts of insurance made by the said agent.
The appellants-plaintiffs rely upon our decision in Hughes v. Pierce, Fla.App., 141 So.2d 280 (1961), in which we held that "a general lines agent is authorized to enter into contracts of insurance on behalf of the insurance companies he represents." In the present case there is no allegation that the agent in question was a general lines agent, as defined in Section 626.041 Florida Statutes, or that he held any capacity other than that of "an agent."
In the Hughes case we also quoted with approval the following statement of the applicable rules from Appleman on Insurance Law and Practice, Vol. 16, Section 8676:
"An insurance agent cannot, of course, contract for insurance so as to bind his company without real or apparent authority therefor. The insurer is considered to be bound by the act of its agent only when the agent's act is within the scope of his apparent authority and the insured is not aware of any limitation thereon. The powers of such agents are governed by the general laws of agency, and an insurance agent possesses such powers only as have been conferred by his principal, or such as third persons have a right to assume that he possesses under the circumstances of the case. And while restrictions of which the insured has no notice are not binding on him, he cannot hold the insurer bound by the acts, contracts or representations of an agent, whether general or special, which are beyond the agent's authority, as known either actually or circumstantially to him."
In view of the above statutory and judicial authorities we are impelled to the conclusion that the plaintiffs have not sufficiently alleged in their complaint that the agent had either real or apparent authority to bind the defendant insurance company concerning coverage on the life of Joseph Bradley. The Circuit Court, therefore, correctly granted the defendant's motion to dismiss the complaint, and the order appealed from is
Affirmed.
WIGGINTON and RAWLS, JJ., concur.