PEARSON, Judge.
The appellant was defendant in a declaratory action filed by appellee Kaye, who claimed under an insurance policy issued by the appellant insurance company. The final judgment appealed from held that the appellant is liable on the insurance policy. Appellees Lynn are third-party claimants under the policy who were made parties upon the motion of the appellant.
On May 24, 1965, World Wide Associated Underwriters, a general insurance agency for Cosmopolitan, issued to Kaye, a gas station owner and operator, a Cosmopolitan garage liability policy covering the period from May 24, 1965, to May 24, 1966. The policy was ordered through Cravitt-Kahn Insurance Agency, Inc., a general insurance agency, by Melvin S. Shifke, then employed by Cravitt-Kahn as a solicitor for casualty insurance. The policy was financed through an organization known as AFCO. Kaye’s initial down payment and a premium finance agreement were forwarded to AFCO on May 25, 1965, and, upon its acceptance of the premium finance agreement, AFCO paid the full amount of the premium to World Wide. Kaye was to repay the financed premium by making regular monthly installment payments to AFCO.
Kaye failed to make timely payment to AFCO. Because of this failure AFCO sent World Wide a Request For Refund of the premium paid by AFCO for Kaye’s policy. World Wide received the request on August 20, 1965. Mr. Paul T. Jensen, an underwriter with World Wide, notified Cra-vitt-Kahn of the receipt of the request and told Shifke that World Wide would hold the request for 72 hours to give him an opportunity to collect the delinquent payment. Mr. Jensen noted “Hold til 8/23/65” on the Request For Refund form. A Notice of Cancellation was mailed by World Wide to Kaye on August 23 stating that cancellation would be effective on September 4, 1965.
On September 3, 1965, Shifke went to Kaye’s gas station and told Kaye that the insurance policy was going to be cancelled the following day and that he would take the money for the delinquent payment to the AFCO office and get the insurance reinstated. Kaye issued a check and told Shifke not to give it to AFCO unless the policy was reinstated. Shifke took Kaye’s check to AFCO where it was accepted by an agent or officer of that company. That evening Shifke informed Cravitt-Kahn that the delinquent account had been paid and told them that he had told Kaye that the policy would be reinstated. That same evening Cravitt-Kahn sent a memo to World Wide requesting reinstatement of the policy. No action was taken upon the request. On September 15, 1965, World Wide received from AFCO a Withdrawal of Request For Refund containing a notice that the delinquent payment had been made. The insurance policy was never reinstated by World Wide. On the same day that World Wide received the Withdrawal Of Request For Refund form from AFCO, it also received notice of an accident in which the Lynns and the Kaye automobile were involved. This accident occurred on September 12, 1965.
On this appeal a single point is presented:
“WHERE KAYE’S POLICY OF INSURANCE WAS CANCELLED ACCORDING TO THE PROVISIONS OF SAID POLICY EIGHT DAYS PRIOR TO KAYE’S ACCIDENT, THE LOWER COURT ERRED IN HOLDING THAT THE POLICY OF INSURANCE WAS IN' EFFECT ON THE DATE OF THE ACCIDENT SO AS TO AFFORD COVERAGE AND PROTECTION TO KAYE UNDER THE TERMS OF SAID POLICY.”
The cancellation clause provides that the company may cancel the insurance policy by mailing a written notice to the in *62 sured ten days prior to the effective cancellation date. The company, through its general agent, World Wide Associated Underwriters, mailed the appropriate notice of cancellation on August 24, 1965. The date for the termination of coverage was September 4. Shifke testified that he picked up the delinquent preimum finance payment prior to the effective date of the cancellation and delivered it to AFCO.
The issue before the lower court was whether the solicitor and the agent, Cravitt-Kahn, had the apparent authority to accept the premium payment and continue the policy in force. The company authorized the agent and its solicitor to collect the premium. Indeed, the company admits having granted this express authority up to a certain date. The limitation as to time was not known to or binding upon policyholder Kaye. Under these circumstances the trial court correctly held that the appellant was liable on the policy. The appellant was bound by the action of the agent. See Hartford Fire Ins. Co. v. Brown, 60 Fla. 83, 53 So. 838 (1910); Fidelity & Casualty Co. of New York v. D. N. Morrison Const. Co., 116 Fla. 66, 156 So. 385 (1934); Hughes v. Pierce, Fla.App.1961, 141 So.2d 280.
Appellee Kaye has suggested that the trial judge’s decision may have been based on the premise that the company was es-topped to deny the authority of its legal agents to accept the payment of the overdue premium by its action in apparently ratifying the acceptance of the premium and rejecting the acceptance only after it had learned of the accident. We do not pass upon this and other grounds urged by the appellee, inasmuch as such a determination is not necessary upon this appeal.
The appellees Lynn have presented a cross-assignment of error directed to the failure of the trial court to grant and assess attorney’s fees at the time of the entry of the judgment appealed. The trial judge expressly reserved ruling as to attorney’s fees until a subsequent hearing was held. The cross-appellant has failed to demonstrate that under the circumstances of this case it was prejudicial error for the court to fail to dispose of the claim for attorney’s fees at the time of the entry of judgment.
Affirmed.