CARROLL (Ret.), Associate Judge.
This appeal is by a subcontractor from a summary judgment entered in favor of the owners Edwin A. Cantor and Leo Masin, in its suit against them for foreclosure of a mechanic’s lien. The problem which the case presented, resolved in favor of the defendant owners, was whether plaintiff’s preliminary notice mailed to the nonresident owners, in care of their Miami attorney, which was given as their post office address on their deed to the property upon recordation thereof nine months earlier, was an effective service of the notice on the owners.
In the action filed by the plaintiff-appellant against the owners and the general contractor, Inland Construction Company of Florida, Inc., for foreclosure of the lien it was alleged the owners had contracted with Inland for certain construction on described property; that the contractor made a subcontract with plaintiff, under which plaintiff performed; that $3,396.00 due to plaintiff therefor remained unpaid; that the plaintiff timely gave to owners a preliminary notice as required by Chapter 713 Florida Statutes by mailing such notice to the owners c/o Arthur Davis, M-110, Biscayne Building, Miami, Florida; and that plaintiff had timely filed and recorded a claim of lien. Exhibits filed with the complaint included a copy of the preliminary notice and the original of the recorded claim of lien. Separate summonses issued for service on the owners, Cantor and Ma-sin, were returned unserved, with notation of failure to find said defendants in Dade County. The defendant owners then were served by publication. A summons issued for service on the defendant-contractor was returned unserved for similar reason, and no service was obtained on that defendant.
The owners, herein referred to as the defendants, moved to dismiss the complaint on the ground that the service of the preliminary notice to owners, in the manner alleged, was insufficient. The motion was granted, and the action was dismissed. The plaintiff appealed. This court reversed (313 So.2d 422), stating among other things: “The allegations of the complaint are such that they do not clearly show service under any of the methods provided”, and holding that the plaintiff should be given an oppor *925 tunity to amend the complaint to allege valid service, before the complaint should be dismissed for failure to follow the statute in that regard.
Pursuant to an order of the circuit court, after remand, the plaintiff filed an amended complaint in which it was alleged the plaintiff had duly given to the owners the preliminary notice required by the statute, and a copy of the mailed notice was attached. The sufficiency of the allegations of the amended complaint with respect to the preliminary notice was not challenged or tested by the defendants by motion to dismiss. No motion to dismiss the amended complaint was filed.
The defendants filed an answer. Therein defendants denied in part, and disclaimed knowledge in part, as to the material allegations. As an affirmative defense the answer averred failure of the plaintiff to comply with the preliminary notice to owners requirement of Section 713.06(2)(a), Florida Statutes.
In a filed reply to said affirmative defense, the plaintiff alleged the preliminary notice they mailed to the owners had been sent to them at their post office address as shown on the public records of Dade County; that in reliance thereon as being effective, in the absence of any notification to the contrary, plaintiff had proceeded to perform its subcontract; that plaintiff’s notice to owners and the preliminary notices sent by a number of other subcontractors similarly addressed to the owners in care of Davis had not been rejected or returned; that Davis was the owners’ attorney, and had been clothed by them with apparent authority; and that the defendants were estopped to deny that the preliminary notice which the plaintiff mailed to them in care of Davis was an effective service thereof on the defendant owners.
The defendants filed a motion for summary judgment, asserting, as grounds therefor, that there was an absence of genuine triable issues of fact and that defendants were entitled to judgment as a matter of law.
In support of the motion for summary judgment there was filed an affidavit of the defendants’ Miami attorney, Arthur Davis, stating he was not a partner, agent or associate of the defendants, and was not authorized to receive the plaintiff’s notice to the defendants. Also there was filed an affidavit of the two owners stating that the subcontractor’s notice was not served on them, and that Davis was not their agent for any purpose except to defend them against the actions brought against them relating to the property involved. Masin filed an affidavit stating he had a residence in Miami Beach, and was listed in the local telephone directory. Also in evidence was the deposition of Davis, taken by the plaintiff, which disclosed facts referred to later in this opinion.
On the hearing on the motion for summary judgment, the evidence submitted in support of and in opposition to the motion, including the deposition of Davis, showed the following facts. Cantor resided in New Jersey. Masin resided part-time in New Jersey and part-time in Miami Beach, Florida. Cantor and Masin were in business together in New Jersey. They had no business office in Florida. Davis acted as attorney for the defendants when they purchased the land involved. The office of Davis in Miami was M-110, Biscayne Building. On the face of the deed which was recorded upon acquisition of the land, in the space provided for the address of the grantees, it was stated that the grantees’ post office address was c/o Arthur S. Davis, giving his said office address. The fact of the conveyance, with said stated post office address of the grantees, was relayed by the clerk of the circuit court to the tax assessor and was used in subsequent taxation of the property, with tax bill being sent to the owners in care of Davis, and by the latter, forwarded to the owners.[1] The owners did *926 not file a notice of commencement of construction on the land, as required of them by Section 713.13 Florida Statutes (1975), on which they might have given the same address as they gave on the deed or some other local or out-of-state address.
Using the post office address of the owners as they had supplied it in their recorded deed to the property involved, by mailing the notice to the defendants in care of their attorney Davis, and having received a receipt for the registered mail by which the notice was sent, the plaintiff-subcontractor made a substantial change of position in reliance on the effectiveness thereof. Davis testified he did not return the notice, and did not keep it, and that he “probably” mailed the item to the owners in New Jersey. Under the circumstances, whether or not the notice mailed to the owners in care of Davis, after being received and receipted for was sent on by him to the owners, was not a matter of concern to the plaintiff-subcontractor. The preliminary notices of five other subcontractors were served on the owners by mail in that manner, and were similarly treated and handled by Davis as a conduit.
We find merit in the contentions of the appellant that in giving preliminary notice to the owners by mail, the plaintiff-subcontractor was entitled to use the post office address of defendants which had been supplied by them upon recording their deed, and that on the facts disclosed the defendant-owners were estopped to deny the effectiveness of the plaintiff’s preliminary notice as mailed and addressed to them. It appears that the elements of estoppel were present. See Steen v. Scott, 144 Fla. 702, 198 So. 489, 493 (1940); Davis v. Evans, 132 So.2d 476, 481 (Fla. 1st DCA 1961); Richards v. Dodge, 150 So.2d 477, 481 (Fla.2d DCA 1963); Quality Shell Homes & Supply Co. v. Roley, 186 So.2d 837, 841 (Fla. 1st DCA 1966).
The appellees cite Continental Home Parks, Inc. v. Golden Triangle Asphalt Paving Co., 291 So.2d 49 (Fla.2d DCA 1974), in support of their contention that the service of the preliminary notice on the defendants by mailing it to them in care of Davis, was insufficient under the statute to effect a service thereof on the owners. In that case, a subcontractor attempted to serve such a notice under a different subsection of Section 713.18, which provided as an alternate method of service, actual delivery of the notice to the owner, specifying: “if a corporation, to an officer, director, managing agent, or business agent thereof”. In that case it was held that delivery to an employee of the corporation who was not an officer, director or its managing or business agent was not a valid actual delivery service under the statute.
The appellant contends, and we agree, that the Continental case is not applicable here. In Continental, the actual delivery service attempted on the corporation was by delivering the notice to a person other than the person or persons to whom the statute stated it was to be delivered. In the instant case, under the subsection (c) for service of such a notice on the owner by mailing, the notice was mailed to the owners, Cantor and Masin, “c/o Arthur S. Davis, M-110 Biscayne Bldg., Miami, Florida” as being the address of the owners. The position of the appellees that the notice was sent to Davis rather than to the owners is incorrect. In that posture of the matter, the contention of the appellees that they had not designated Davis as a person upon whom such notice could be served, instead of upon them, is irrelevant.
Additionally, the contention of the appellant that Davis was clothed with apparent authority to act for the owners, at the least as a conduit of correspondence mailed to the owners, is not without merit, in view of his role in the matter as referred to above.[2] *927 See Fidelity & Casualty Co. of New York v. D. N. Morrison Const. Co., 116 Fla. 66, 156 So. 385 (1934); Thomkin Corp. v. Miller, 156 Fla. 388, 24 So.2d 48 (1946); Parsley Brothers Construction Co. v. Humphrey, 136 So.2d 257, 259 (Fla.2d DCA 1962).
For ■ the reasons stated the' summary judgment is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

. § 695.21 Fla.Stat. (1975), provides that upon the recordation of such an instrument it is made the duty of the clerk of the circuit court to.obtain “the correct post-office address of the grantee or grantees named in such instrument”, and it is made “the duty of the person *926 presenting such instrument for recordation to furnish such information to said official”. § 695.22 Fla.Stat. (1975), requires the clerk to furnish to the county appraiser a daily schedule of such recorded instruments, setting forth the names and addresses of the grantees and the property descriptions.

. In this connection, in addition to having acted as the attorney for the owners upon their purchase of the property, Davis had acted as their *927 attorney in a matter incident to the construction on the property. Before the owners entered into the construction contract they submitted the contract to Davis for his examination (and presumably for his approval thereof).