COBB, Judge,
dissenting.
Rondinelli alleges that Merit (through Lieberman) agreed to provide a mortgagee title insurance policy containing the standard exceptions for insuring that Rondinel-li’s interest was third (and not fourth) in priority to the owner. Unknown to Rondi-nelli, Lieberman failed to procure a policy of insurance, and Rondinelli seeks to recover against Safeco based upon a theory amounting to promissory estoppel, that is, Safeco should be estopped to deny liability because of an affirmative promise by its agent (Lieberman/Merit) upon which Ron-dinelli relied.
Rondinelli’s attempt to recover from Safeco seems wrong because it is wrong. The majority’s holding that upon adequate proof at trial an insured is entitled to rely upon an agent’s apparent authority to bind a principal[1] is a correct, but incomplete, statement of the law. It is well established in Florida and other jurisdictions that, given an agent’s apparent authority, no inquiry into that authority is necessary unless the circumstances suggest a limitation on it. David & Dash, Inc. v. Unigard Mutual Insurance Company, 343 So.2d 86 (Fla. 3d DCA 1977); Russell v. Eckert, 195 So.2d 617, 621 (Fla. 2d DCA 1967); Hughes v. Pierce, 141 So.2d 280 (Fla. 2d DCA 1961). As stated in Applefield v. Commercial Standard Ins. Co., 176 So.2d 366, 377 (Fla. 2d DCA 1965):
[Wjhatever is sufficient to put a person on inquiry amounts in point of law to notice, provided there is a duty to make inquiry and such inquiry could lead to knowledge of facts which, under the circumstances of the particular case, calls for application of the rule in order to do equity.... If one has either actual or constructive information and notice sufficient to put him on inquiry, he is bound for his own protection, to make that inquiry which such information or notice appears to direct should be made. If he disregards that information or notice ... and fails to inquire and to learn that which he might reasonably be expected to learn upon making such inquiry, than he must suffer the consequences of his neglect.
All third persons dealing with an agent are affected by the limitations upon the power of the agent which are either known to the insured or of which a reasonably prudent person would be aware. Ford v. Unity Hospital, 32 N.Y.2d 464, 472, 346 N.Y.S.2d 238, 244, 299 N.E.2d 659, 664 (N.Y.1973). Upon failure to properly deter *329 mine the scope of authority, and in the face of damages resulting from an agent’s misrepresentations, apparent authority is not automatically available to the injured third party to bind the principal. Id.; see also Independence Indemnity Co. v. Silver State Building & Loan Assn., 93 Colo. 240, 25 P.2d 726, 727-728 (1933); Maddox v. Life & Casualty Ins. Co. of Tenn., 79 Ga.App. 164, 53 S.E.2d 235, 241 (1949); 16 Appleman on Insurance Law and Practice § 8737 et. seq.
Based on Rondinelli’s admissions in his deposition testimony, the trial court was correct in concluding that the factual circumstances placed a duty on him to inquire into the scope of Lieberman’s agency vis-a-vis the impending transaction, and that his failure to make such inquiry precludes recovery from Safeco as a matter of law. See Ford, Russell, Hughes, supra. One who seeks equity must do equity. While Rondinelli may assert a claim against Lieberman (and/or Merit), he cannot claim an estoppel against Safeco through the representations of Lieberman/Merit to Safeco’s disadvantage where neither he nor Lieberman ever intended to inform Safeco of the circumstances surrounding the transaction for the very reason that Safeco would have discovered the missing assets, and discharged Lieberman from all authority, real or apparent. Rondinelli knew of the coverup, and Safeco did not. Rondinelli is not a valiant “white knight” or good Samaritan as characterized by the majority; rather, by his own admission, he is a coconspirator hoisted by his own petard.
I would affirm.

. See Orlando Executive Park v. Robbins, 433 So.2d 491, 494 (Fla.1983).