DELL, Chief Judge.
Jihad Abuznaid (Jihad) and Munir Abuz-naid (Munir) appeal from a final judgment awarding appellee damages for breach of a lease agreement. We reverse.
On August 1, 1989, Jihad executed a commercial lease agreement with appellee, Joseph Sirhal. Jihad and Munir’s brother, Na-bil, negotiated the lease and neither Jihad nor Munir had any involvement in its negotiation. The lease agreement as presented for execution identified Jihad and Nabil Abuz-naid as the lessees. However, when the parties executed the lease, Nabil’s name was stricken and Munir’s name substituted in its place as lessee. Only Jihad signed the lease; Munir neither observed nor signed it. Ap-pellee testified he never had any contact with Munir pertaining to the negotiation of the lease and had no contact with Munir until approximately one and one-half years later. Appellee dealt only with Jihad in collecting the rent and in dealing with the premises.
Approximately nineteen months after the execution of the lease, Jihad, with Munir’s assistance, began negotiating the sale of his business with a prospective purchaser and asked appellee to change the payment date of the rent from the fifteenth of the month to the first of the month. Appellee agreed and thereafter, Munir paid appellee a half-month’s rent. The sale of the business never occurred and eventually the tenant(s) defaulted on the lease. Appellee then filed suit for breach of the lease against appellants. In their answer, appellants admitted they entered into the lease with appellee; however, in their counterclaim for conversion they pled that only Jihad entered into a written lease with appellee. Appellee replied Jihad executed the lease on behalf of himself and as an agent for Munir. In an amended counterclaim, Munir no longer joined in Jihad’s action for conversion and wrongful eviction in which he alleged appellee changed the locks on the premises and converted some $40,000 of equipment and inventory. The trial court found “Jihad had apparent authority to sign the lease for ... Munir based on the conduct of Nabil and Jihad at a time when the Lease was executed and also upon Munir’s conduct in attempting to negotiate a change in the rental due date together with negotiations relative to the sale of the business.”
Appellant Munir contends the record does not contain any evidence that would establish either an apparent agency on the part of Jihad or that he (Munir) subsequently ratified the lease agreement. We agree. To hold a principal liable under the doctrine of apparent agency or agency by estoppel, three el&nents must be established: (1) a representation by the principal; (2) reliance on that representation by a third person; and (3) a change in position by a third person in reliance on the representation. See Fidelity & Casualty Co. v. D.N. Morrison Constr. Co., 116 Fla. 66, 156 So. 385 (1934); Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA 1991). A principal’s liability arises only when the principal himself creates an agency relationship, an appearance of one, or creates his own liability by ratifying his agent’s act. See Gottfried v. Amster, 511 So.2d 595 (Fla. 4th DCA 1987); Spence, Payne Masington and Grossman v. Philip M. Gerson, P.A., 483 So.2d 775 (Fla. 3d DCA), review denied, 492 So.2d 1334 (Fla. 1986). The record contains no evidence showing that Munir represented or created the impression that Jihad was his agent.
Appellee contends there was substantial evidence to support the trial court’s finding that Munir ratified the lease agreement when he paid appellee rent from his own checking account. We reject appellee’s argument that Munir’s one time payment of rent constituted sufficient evidence to establish his ratification of the lease. At trial Munir testified he had no involvement with the business operated on the leased premises. Jihad corroborated this in his testimony. Moreover, appellee admits he dealt primarily *190 with Jihad when it came to collecting rent and managing the property. Before ratification of an agent’s act will be implied, it must appear that a principal is fully informed of the act of which he approves. See Ball v. Yates, 158 Fla. 521, 29 So.2d 729 (1946), cert, denied, 332 U.S. 774, 68 S.Ct. 66, 92 L.Ed. 359 (1947). The record does not contain evidence showing Munir knew he was a party to the lease at the time he paid the rent or assisted Jihad in negotiating the sale of his business. Munir testified he did not know his name appeared on the lease agreement until appellee commenced litigation.
Appellee also argues appellants admitted in their pleadings that they entered into the lease agreement and Munir should be estopped from denying the existence of his leasehold obligation. Appellee, however, did not rely upon this theory of liability at trial but proceeded to bring his action under an agency theory. Appellee neither introduced appellants’ unverified pleading into evidence at trial nor moved for summary judgment. Consequently, appellee may not assert this argument for the first time on appeal. Therefore, we reverse the final judgment against appellant Munir Abuznaid.
Jihad contends the trial court abused its discretion by permitting his counsel to withdraw at the time of trial without sua sponte continuing the case for a sufficient time to allow him to retain new counsel. The record of the proceedings below show both Munir and Jihad were initially represented by the same attorney. On the morning of the trial, counsel moved to withdraw from her representation of Jihad. Jihad was not present'in the courtroom at this time. The trial court observed Jihad “would ride the coattails of [Munir].” Jihad’s former counsel informed the .judge he would not. The trial court recognized a conflict of interest between the two codefendants, but, nevertheless, granted the motion. The trial commenced without Jihad’s presence. Jihad entered the courtroom shortly after appellee began testifying.
We agree with appellant Jihad that the trial court erred when it granted his counsel’s motion to withdraw without sua sponte continuing this case to allow Jihad sufficient time to retain counsel to assist him in the defense of appellee’s claim and to assist him with the presentation of his counterclaim. See Hub Financial Corp. v. 01-metti, 465 So.2d 618 (Fla. 4th DCA 1985). During the course of the trial, it became evident that Jihad was severely prejudiced by his lack of representation. The record shows Jihad’s inability to speak and comprehend English greatly handicapped his ability to present his defense and counterclaim. Munir’s counsel called her former client, Jihad, to testify as an adverse witness. Moreover when Munir’s counsel sought to elicit testimony from Jihad to prove his counterclaim, the trial court prevented her from providing assistance. The trial court’s failure to allow Jihad an opportunity to obtain counsel denied him a fair trial both as to the defense of appellee’s claim and as to his counterclaim.
Accordingly, we reverse the final judgment against appellant Munir Abuznaid and direct the trial court to enter judgment in his favor. We also reverse the final judgment against appellant Jihad Abuznaid and remand for a new trial.
REVERSED and REMANDED.
KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.