TATUM LAND COMPANY, A CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF FLORIDA, TATUM BROS. COMPANY, A CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF FLORIDA; LAWRENCE ESTATE LAND COMPANY, A CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF FLORIDA, AND HELEN M. S. GREENHOW, JOINTLY AND SEVERALLY, *Appellants*, v. MARJOHN REALTY COMPANY, INC., A CORPORATION UNDER THE LAWS OF NEW YORK, *Appellees*.

Division B.

Decision Filed August 5, 1926.

Petition for rehearing denied October 4, 1926.

An Appeal from the Circuit Court for Dade County; Will H. Price, Judge.

*Shutts & Bowen* and *John S. Benz,* for Appellants;

*Norris McElyea,* for Appellee.

PER CURIAM.—This cause having heretofore been submitted to the Court upon the transcript of the record of the order overruling demurrer to the Amended Bill of Complaint herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said order overruling demurrer to Amended Bill of Complaint; it is, therefore, considered, ordered and adjudged by the Court that the said order overruling demurrer to Amended Bill of Complaint of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

VOL. 92, JUNE TERM, 1926.          535

Tatum Land Co., a Corp., et al. v. Marjohn R. Co., a Corp.—Re-Hearing.

## RE-HEARING.

1. In this State the authority to an agent to bind the principal to convey real estate is not required to be in writing and therefore, it is held that this case is not controlled by the law, as enunciated in the case of Grafton v. Cummings, 99 U. S. Rep. 100.

Petition for rehearing is denied.

*Shutts & Bowen* and *John S. Benz,* Attorney for Appellants;

*Norris McElya,* Attorney for Appellee.

PER CURIAM.—The allegations contained in the bill of complaint as follows: "Your orator would further show unto the Court that in compliance with said agreement the said *Tatum Bros. Company,* furnished your orator an abstract of the said property which was delivered to your orator's attorneys, Burdine & Barco, and that the said abstract showed title to the property to be in TATUM LAND COMPANY, a corporation organized and existing under the laws of the State of Florida.

"Your orator would further show unto the Court that TATUM BROS. COMPANY, and TATUM LAND COMPANY, are corporations under the laws of the State of Florida, the control of the stock of both corporations being owned by the same parties and that B. B. Tatum is an officer of both Tatum Bros. Company and Tatum Land Company, and is the individual with whom the Marjohn Realty Company, Inc., through its President, Charles Apfel, made negotiations for the purchase of the said property, that the officers of Tatum Bros. Company had full authority to sell the property of the Tatum Land Company, that the officers of Tatum Bros. Company could execute a binding deed for

the property of either company, that after the examination of the title, and on or about..............................day of.................................. A. D. 1926, the said *Tatum Bros. Company* and the said Tatum Land Company, *notified* the Marjohn Realty Company, Inc., through its President, Charles Apfel, that they would be ready to close the transaction on the following day and upon said following day your orator through his attorneys, Burdine & Barco, called Mr. B. B. Tatum, an officer of the Tatum Bros. Company, and also an officer of the Tatum Land Company, on the telephone and asked at what hour they could make an appointment to close the transaction, whereupon B. B. Tatum informed your orator through your orator's attorneys, Burdine & Barco, that they would not consummate the deal unless your orator paid the sum of One Hundred Five Thousand ($105,-000.00) Dollars for the said property, which your orator refused to do.'' These and other allegations taken together with the fact that in this State the authority to an agent to bind the principal to convey real estate is not required to be in writing, cause this case not to be controlled by the law as enunciated in the case of Grafton v. Cumming, 99 U. S. Rep. 100. The Statute of New Hampshire differs from the law applicable in this State in that that statute requires the authorization of the agent to be *by writing*.

Petition for rehearing is denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.