GENERAL MOTORS ACCEPTANCE CORPORATION v. LYNCH
BUILDING CORPORATION

159 So. 785.
Division B.
Opinion Filed January 24, 1935.
Rehearing Denied March 22, 1935.

*Rogers & Towers, C. D. Towers, C. C. Bailey* and *M. J. Roess, Jr.,* for Appellant;

*Fred M. Valz, H. M. Wise, John T. C. Crawford* and *Philip S. May,* for Appellee.

TERRELL, J.—The appellee, Lynch Building Corporation, exhibited its bill of complaint in the Circuit Court of Duval County praying specific performance of an oral agreement to make a lease. The appellant who was defendant below, moved to dismiss the bill and for better particulars. Both motions were overruled and the cause comes here on appeal from said orders, though the appeal from the order overruling the motion for better particulars is abandoned in this Court.

The appellant urges that the bill of complaint is defective in that the allegations of agency are insufficient, that it fails to show the offer to make and the acceptance of an oral lease, that it does not show such past performance as to take it out of the Statute of Frauds, and that no constructive fraud being shown equity will not grant specific performance.

The bill in effect alleges that in September, 1929, the plaintiff by written contract leased to the defendant rooms 1316 to 1330 on the thirteenth floor of the Lynch Building in Jacksonville, Florida, for a period of three years, at a rental price of $610.05 per month, and that said space was occupied and used by the defendant according to the terms of said lease until May 15, 1932. It is further alleged that during the month of April, 1932, the defendant approached the agent of the plaintiff and represented to him that it (defendant) expected to concentrate the business of its Tampa and Miami offices in the Jacksonville office and that it would need additional space for this purpose. In view

of such consolidation it requested that the present lease be cancelled and that it be given a new and additional lease covering rooms 1313 to 1330, thirteenth floor of the Lynch Building, including the corridor space adjacent thereto, the latter lease to run from June 1, 1932, to May 31, 1933, at a yearly rental of $7866.00. The old lease was at the request of the defendant cancelled June 1, 1932, and the new lease as per terms agreed on was placed in the hands of the defendant May 4, 1932, but it has never been executed by it, defendant, though said defendant moved into and occupied the additional floor space, paid the rental thereon for three months or as long as occupied, and the plaintiff spent approximately $700 in improvements on said office space to fit it for the purposes of defendant's use. After all of this was done with the knowledge and consent of defendant it vacated said premises without ever executing said lease.

This being an appeal from an interlocutory order the only question before us is whether or not there is equity in the bill. The questions raised permit such argument on both sides but we consider the bill to be ample to withstand the assault on it by motion to dismiss.

On the question of agency this Court is committed to the rule that the principal is bound by acts committed within the real or apparent authority of its agent and that the public may rely on the apparent authority of the agent unless the circumstances are such as to put them on inquiry. Bush Grocery Co. v. Conely, 61 Fla. 131, 55 So. 867; American Fire Ins. Co. v. King Lumber & Mfg. Co., 74 Fla. 130, 77 So. 168; Beekman v. Sonntag Inv. Co., 67 Fla. 293, 64 So. 948. Bush Grocery Co. v. Conely, *supra,* further holds that whether or not an act done is within the scope of an agent's authority is a question of fact to be determined by the circumstances of the case.

Likewise we are of the opinion that there was sufficient offer to make and the acceptance of the terms of an oral lease. The defendant made the offer to lease the premises and the plaintiff relying on such offer and with the knowledge and consent of defendant expended considerable sums fitting it for defendant's use while defendant continued to occupy the space covered by the old lease and at once occupied that covered by the new lease. No specific words of assent are necessary and it may as well and effectively be given by deeds as well as words.

On the question of whether or not the improvements were sufficient to relieve from the operation of the Statute of Frauds it is sufficient to say that the matter of improvements in the case of an oral lease like this have no such effect as they have in the case where an oral sale is involved and the purchaser relies on them as part performance. In the latter case trifling repairs or improvements are not sufficient while in a case like this the improvements were made to effect the lessee's use and have no relation to purchase or consideration. Such improvements in no way add to the value of the estate but are solely for the benefit of the lessee. Forrester v. Reliable Transfer Co., 59 Wash. 86, 109 Pac. 312; Seaman v. Aschermann 51 Wis. 678, 8 N. W. 818, 37 A. R. 849.

If the bar of the Statute of Frauds was not removed by payment of the monthly charge for the leased premises it was certainly removed when such payment was accompanied by the entry into possession of the leased premises under the contract. Townsend v. Vanderwerker 160 U. S. 171, 16 Sup. Ct. Rep. 258, 40 L. Ed. 383; Maloy v. Boyett, 53 Fla. 956, 43 So. 243; Eaton v. Whitaker, 188 Conn. 222.

It is finally contended that fraud not being shown equity will not relieve. As to the plaintiff any deceit, trick, or

6 .

ruse by which it was injured would amount to the perpetration of fraud on it. The bill alleges that relying on the promise of the defendant the plaintiff spent $700 to fit the premises for the use of defendant, that by taking additional space and a three-year new contract the defendant got a material reduction in its rent, and after three months' occupancy the defendant moved out and vacated the premises. Unless by chance the plaintiff secures another tenant desiring the same space its expenditure to condition it for defendant becomes a clear loss. These allegations are sufficient to meet the challenge to the bill on the ground of fraud. The bill is not vulnerable to the assault made on it.

The judgment below is, therefore, affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.