THOMPKIN CORPORATION, a Florida Corporation, v. H. D. MILLER.

24 So. (2nd) 48                            June Term, 1945
July 27, 1945                                    En Banc
Rehearing granted Oct. 6, 1945

*Thomas H. Anderson,* for appellant.

*Evans, Mershon & Sawyer, Herbert S. Sawyer, M. L. Mershon* and *J. N. Morris,* for appellee.

*Keen, Allen & O'Kelley,* for Shepard Broad, Amicus Curiae.

TERRELL, J.:

In March, 1944, Appellee, H. D. Miller, filed his bill of complaint against Thomkin Corporation, Appellant, for specific performance of a contract. The bill alleges that on March 16, 1941, the Thomkin Corporation made a contract to sell certain property to Milton Edelson or his nominee for $200,000, that $20,000 of that sum was paid in cash, that Edelson assigned the contract to H. D. Miller who is ready, able, and willing to perform, that Thomkin Corporation has refused to perform on its part and had advised Miller that it will not close the deal unless Miller will pay an additional sum of $10,000 since that amount was offered by another party.

In its answer to the bill, Thomkin Corporation denies the execution of the contract, denies that it demanded $10,000 additional from Miller as a condition to execute the contract, admits that it refused to convey to Miller and that it is preparing to sell the property to another. On the issues so made,

the Chancellor heard the testimony, found the equities to be with the complainant and entered a final decree awarding specific performance. This appeal was prosecuted from the final decree.

Appellant has pressed six questions for determination and attorneys for Shepard Broad, another party, have pressed three questions but they all resolve on that of whether or not Hollis Rinehart, the agent of appellant, was authorized to make and execute the contract of sale.

The Thomkin Corporation was incorporated under the laws of Florida December 5, 1929. Its charter provides that its principal office shall be in Miami, Florida, but its last meeting held in this State was in January, 1930. Since that date, all its meetings have been held in the offices of Thompson and McKinnon, 11 Wall Street, New York City. The Thomkin Corporation is a holding corporation created for the purpose of taking title to and renting the property in question. Alfred W. Haywood, a New York lawyer, is the manager and general counsel of the corporation, prepares its minutes, and directs all its affairs.

In April, 1941, Haywood came to Miami for the purpose of selling the property. He engaged the Miami law firm of Carroll and Rinehart to prepare the contract of sale; Carroll went into the armed services and Rinehart became the agent of and handled all matters of the corporation in Miami. He executed leases and options and performed other services for the corporation signing his name as agent for the corporation.

On March 6, 1944, Rinehart wrote Haywood in New York as follows:

"I have a definite offer to purchase Beach property through a real estate office on the Beach. . . .All that will be required is a statement as to what "Thomkin Corporation will accept— assuming that you now want to sell."

This letter was followed by other letters, telegrams, and telephone conferences between Rinehart and Haywood and other officers of the corporation leading up to the preparation and execution of the contract in question. Rinehart prepared the contract pursuant to these communications which are numerous and are in the record. On March 16, 1944, Edelson

executed the contract and delivered his check for $20,000 to Hollis Rinehart for the Thomkin Corporation. Rinehart accepted the check and executed the contract on behalf of the corporation, signing, "Thomkin Corporation, by Hollis Rinehart, Jr., Attorney in fact." Copies of the contract were taken by all the parties. Later Rinehart as agent for the corporation, refused to deliver abstracts of title to the property to the purchasers and announced the intention of the corporation to sell to "Shepard Broad, as Attorney," another purchaser.

The rule is settled in this State that a principal is bound by the acts of his agent. The authority of the agent may be real or it may be apparent and the public may rely on either unless in the case of apparent authority the circumstances are such as to put one on inquiry. The agent's authority may be conferred by writing, by parole, or it may be inferred from the related facts of the case. Beekman v. Sonntag Inv. Co., 67 Fla. 293, 64 So. 948; General Motors Acceptance Corporation v. Lynch Building Corp., 118 Fla. 2, 159 So. 785; Tatum Land Co. v. Marjohn Realty Company, 92 Fla. 534, 109 So. 813.

The evidence is bulky. It shows as the bill alleges that Thomkin Corporation was incorporated in Florida in 1931 for the purpose of taking over and operating the property involved in this litigation, that it never owned any other property in Florida, that it had been trying to sell the property for years, that its stockholders were numerous and distributed over several states, that in September, 1940, its capital stock was reduced from 4000 to 1000 shares, of which the Timothy J. Brosnahan Estate, managed by Alfred W. Haywood, J. P. Bickell, a Mr. Mansfield, and Henry Holt, own 542 shares or a majority of the shares of stock.

It is also shown that the meeting for reducing the stock is the only meeting that was ever held by the stockholders, that Alfred W. Haywood of New York was the managing director and authorized agent of the corporation, that in conducting the affairs of the corporation, he collaborated with Bickell, Mansfield, and Holt, who with himself controlled a majority of the stock. It is also shown that beginning in 1941, the management of the property in question was conducted

through Rinehart acting under authority of Haywood, as Chairman of the Board, general counsel and director of the corporation.

The only office the corporation had in Florida was Rinehart's office. Rinehart was not a real estate broker but was acting in the general capacity of counsel and agent for the corporation in Florida. It had no other agent in Florida. A large number of letters, telegrams, and other communications included in the evidence testify to his agency. He drew, executed, and delivered the contract on the direction of Haywood who was authorized to act for the corporation by a majority of the stockholders and who had in fact transacted all its business for years.

We have examined the questions raised by counsel for appellants and for Shepard Broad and the cases relied on by them. The cases have to do with the authority of a real estate broker and are not in conflict with what we have said in this opinion. We plant this decision squarely on the fact that Rinehart was the agent of the corporation in Florida and was fully authorized to act for it. It is not the case in which a real estate broker is employed to sell. There are some minor conflicts in the evidence on this point but it is ample to support the decree of the Chancellor.

It is therefore affirmed.

CHAPMAN, C. J., BROWN and ADAMS, JJ., concur.

BUFORD, THOMAS and SEBRING, JJ., dissent.

BUFORD, J., dissenting:

I find in the record no evidence that Rinehart had any actual or apparent authority to execute the contract of sale so as to bind the corporation.

ON REHEARING GRANTED

PER CURIAM:

The record and briefs have again been examined and our opinion filed July 27, 1945 is hereby affirmed on rehearing.

CHAPMAN, C. J., TERRELL, BROWN and ADAMS, JJ., concur.

BUFORD, THOMAS and SEBRING, JJ., dissent.