62 So.2d 18 (1952)
STUYVESANT CORP.
v.
STAHL.
Supreme Court of Florida, Special Division B.
December 16, 1952.
Rehearing Denied January 9, 1953.
*19 William M. Hoeveler and Knight, Smith & Underwood, Miami, for appellant.
Worley, Gautier & Dawes, Miami, for appellee.
MATHEWS, Justice.
This appeal is from a final judgment in a personal injury case.
The complaint alleged that the appellee was a paying guest at the Lombardy Hotel and that the appellant, Stuyvesant Corporation, was doing business as the Lombardy Hotel. It is further alleged that one Roger LaChance was the agent, servant or employee of the appellant "engaged in the scope and course of his agency, service or employment," and that while so engaged, LaChance did negligently and carelessly drive and operate a motor vehicle against the appellee who was then traversing a driveway to the hotel. As a consequence of the alleged negligence, the appellee sustained serious injuries.
The appellant specifically denied that LaChance was its agent, servant or employee, and further denied that he was acting at the time and engaged in the scope and course of any agency, service, or employment.
The hotel in question was a large hotel on the beach. It furnished a parking lot and free parking privileges to the paying guests. The appellant owns the real estate upon which the hotel is located and between the hotel and the street there is a one-way driveway from the street to the front door of the hotel which continues in a "U" fashion back to the street. Dave Shattuck had some kind of a verbal understanding with the appellant whereby he would be the doorman, have charge of the door, and employ such other help as might be necessary to perform his duties. Roger LaChance was one of such employees helping Shattuck in the performance of his duties. Shattuck paid the hotel $1,500 per year as a concessionaire. The president of the corporation owning the hotel testified that he was familiar with the practice and that the doorman employed such help as necessary to render the service as a doorman and in parking the automobiles for the guests of the hotel. The following testimony by the president of the corporation is significant:
"Q. Do you provide parking in that lot for your guests? A. Yes.
"Q. Without charge, I believe; is that right? A. That's right, there's no charge.
"Q. And you furnish the parking service for them, too, from the hotel to the lot; is that right? A. Yes, the doorman takes cars over to the lot.
"Q. And that is provided by the hotel? A. No, that is a concession.
"Q. Well, he is doing it for you, is he not? A. Yes, he is doing it for the hotel.
"Q. In other words, the doorman takes the guests' cars and parks them over there in the parking lot? A. That's right.
"Q. And there is no charge for parking? A. No charge.
"Q. And when a guest checks out or wants his car, the doorman will get it for him? A. That's right.
* * * * * *
"A. Well, do you mind if I explain that situation?
"Q. Yes, go ahead. A. Dave Shattuck  that is a concession, and it is his duty to see that the door is properly covered. He generally takes the day shift and another man takes the night shift, and he engages a runner, also, when he is busy, to run the cars up and back to the lot.
* * * * * *

*20 "Q. Well, it is his responsibility to see that the cars are taken out of the driveway and parked over there and brought back in? A. Yes.
"Q. And he is responsible to you for that job? A. Well, he is supposed to keep order out there.
"Q. And get the cars over to the lot? A. Yes."
The doorman's compensation was entirely from tips received from the paying guests of the hotel. He and his helpers wore uniforms with the name of the hotel on them, which were paid for by the concessionaire. They were furnished tickets by the hotel with the name of the hotel printed thereon. These tickets were used by the doorman in parking the automobiles.
The doorman, his duties as such, and free parking of automobiles was a part of the service rendered to the traveling public or to the guests of the hotel. The appellant insists that even though LaChance may be guilty of negligence, the appellant is not liable because LaChance was an employee of Shattuck who was an independent contractor, or he was not the agent, servant or employee of the appellant and he was not engaged in the scope and course of any such agency, service or employment. There is no merit in this contention.
In the case of Thomkin Corporation v. Miller, 156 Fla. 388, 24 So.2d 48, 49, this Court said:
"The rule is settled in this State that a principal is bound by the acts of his agent. The authority of the agent may be real or it may be apparent and the public may rely on either unless in the case of apparent authority the circumstances are such as to put one on inquiry. The agent's authority may be conferred by writing, by parol, or it may be inferred from the related facts of the case. Beekman v. Sonntag Inv. Co., 67 Fla. 293, 64 So. 948; General Motors Acceptance Corporation v. Lynch Building Corporation, 118 Fla. 2, 159 So. 785; Tatum Land Co. v. Marjohn Realty Co., 92 Fla. 534, 109 So. 813."
It is true that although the above case was dealing with principal and agent, the same principle applies in the case at bar because LaChance had the authority or had apparent authority to act for the appellant in parking automobiles. There were no facts or circumstances shown to put the traveling public or guests of the hotel on notice that the doorman and those serving with or under him were not acting for the appellant. If there was any doubt about this question, the testimony of the president of the appellant corporation removed any such doubt.
In this case LaChance was serving for the hotel, either under actual authority, or within the apparent scope of his authority. Motor vehicles are dangerous instrumentalities. In moving, driving and parking them injurious consequences must be expected to arise unless the proper care is adopted by which such consequences may be prevented. Camp v. Hall, 39 Fla. 535, 22 So. 792; Bucki v. Cone, 25 Fla. 1, 6 So. 160; 27 Am.Jur., Article on Independent Contractors, Sections 38 and 39.
We have carefully considered the record and the briefs in this case and all of the assignments of error and they are without merit.
Affirmed.
TERRELL, Acting C.J., and ROBERTS and DREW, JJ., concur.