Collie E. SAPP, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15670.

United States Court of Appeals Fifth Circuit.

Nov. 18, 1955.

Paul G. Hyman, Murray Sams, Jr., Miami, Fla., for appellant.

E. David Rosen, Asst. U. S. Atty., Miami, Fla., Julian H. Singman, Atty., Dept. of Justice, Melvin Richter, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

TUTTLE, Circuit Judge.

 Sapp here appeals from the dismissal of his complaint, after trial, D.C., 130 F.Supp. 666, in a negligence action brought against the government under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq. The undisputed evidence is that he was injured when the automobile in which he was a passenger was struck from behind by an automobile owned and driven by a federal prisoner who was at the time in the custody of, and accompanied by, a security officer of the U. S. Immigration and Naturalization Service. The plaintiff's theory of liability is that, assuming that the security officer himself was in no way negligent, the government is nonetheless responsible for the acts of the prisoner because the prisoner was in the custody of a federal officer. He argues, in effect, that since the prisoner controlled the car, and the officer controlled the prisoner, the officer controlled the car.

The critical objection to this reasoning is that, by declaring irrelevant the fact that the officer exercised due care, it in effect makes the government liable by a type of respondeat superior theory for the acts of all federal prisoners. However, if we hold the government liable for the *negligent* acts of prisoners in its custody, we must with even more reason find it liable for the *intentional* acts of prisoners in its custody. Such a doctrine is nowhere recognized as the law, and is not urged upon us by the plaintiff here.

 Respondeat superior liability, moreover, is based not only on the fact that the master has authority to supervise and thereby control his servants, but also on the fact that he has the ultimate right to discharge those who disobey his instructions, and hire more tractable employees. The government, however, cannot choose its prisoners, and is unlikely to find among those thrust upon it, by reason of their criminal behavior, very many of a cooperative nature. The most which ordinary reason can demand of the government in such cases, therefore, is that it take all proper precautions to insure the safety of the public, whenever it is necessary to transport prisoners along a public highway or by a public means of conveyance. In the absence of any proof of a breach of this duty of care owed to the general public

by the government and its servants, one cannot with any sound logic impute tort liability for the crimes, or even less the torts, of federal prisoners to the federal government.

■ The plaintiff's scholarly brief shows the results of a wide and careful research in this area of the law, but brings forth nothing to support the view which he here urges upon us. He most particularly relies on U. S. v. Lawter, 5 Cir., 219 F.2d 559. There this Court, in applying the law of Florida, affirmed a judgment against the government for the negligence of its servant in conducting a rescue, by helicopter, at sea. The plaintiff's wife was killed when a Coast Guardsman, operating the cable lifting her from a swamped boat to the helicopter, stopped the cable too soon, thereby causing her to fall to her death. The trial court there found that the negligence rendering the government liable was not this action on the part of the inexperienced operator of the hoist, but that of the pilot in allowing the regular hoist operator to stand by while an untrained crew-member attempted to operate it. Here, however, the trial court found that "Cochran [the officer] acted with due and reasonable care and caution in arranging for Lamaney [the prisoner] to drive the Mercury," and this conclusion of law is not specified as error, or criticized by the plaintiff in his brief. It is based on a specific finding of fact not excepted to;[1] therefore, we must regard it as conclusive on the facts, and, in view of what we have said above, decisive of the issue.

■ We do not mean to say, by this, that the negligence of a third person can never be imputed to a government employee, and from thence to the government. We hold only that the relationship of prisoner to guard is not such as will under the common law impute the

negligence of the former to the latter. Therefore, when the plaintiff here was unable to show that the guard was in any way negligent, his case failed, and his complaint was properly dismissed by the trial court.

The judgment is affirmed.

---

1. Finding of Fact No. 7 included the following: "Officer Cochran (either singly or with the aid of his co-officer) decided to let the co-officer continue with three of the aliens in the station wagon, and for Cochran to ride with Lamaney in the Mercury, with Lamaney driving his own car. This I hold to have been in the exercise of reasonable care and caution on the part of Officer Cochran."