125 So.2d 126 (1960)
TAMPA SAND & MATERIAL COMPANY, a Florida corporation, Appellant,
v.
George R. DAVIS and Golden Gateway Homes, Inc., a Florida corporation, Appellees.
No. 1904.
District Court of Appeal of Florida. Second District.
December 14, 1960.
Allen, Dell, Frank & Trinkle, Tampa, for appellant.
Holland & Betts, St. Petersburg, for appellee, George R. Davis.
KANNER, Judge.
The action about which this appeal is concerned was brought upon an open account for materials furnished by the plaintiff, Tampa Sand and Material Company, *127 for a residential development project known as Golden Gateway Homes. The complaint was initially filed against Davis Construction Corporation, but subsequently it was amended to add George R. Davis individually and Golden Gateway Homes, Inc., as defendants. Through their answers the defendants denied liability, and the case was tried before the court without a jury.
Finding that the Davis Construction Corporation was liable for the materials furnished, the trial judge also found that neither George R. Davis as an individual nor Golden Gateway Homes, Inc., was indebted. Thereupon, final judgment was entered in favor of the plaintiff against Davis Construction Corporation, but the action was dismissed as to the other named defendants. Because of this decision, plaintiff has appealed the judgment refusing to hold as liable Davis as an individual and Golden Gateway Homes, Inc., a corporation. Also, Davis Construction Corporation has instituted an appeal from the judgment against it which will be considered in this opinion, but which will be disposed of through a separate decision.
George R. Davis purchased the land which became the Golden Gateway Homes project. The title to the land was taken in his name but was later transferred to Golden Gateway Homes, Inc. The construction superintendent of the project was L.W. Tucker. A representative of Tampa Sand & Material Company, James R. Singletary, approached Tucker concerning the concrete business for the Golden Gateway Homes project and was successful in getting the business for the plaintiff.
The evidence is conflicting. Testimony of defendants' witnesses would indicate that Golden Gateway Homes, Inc., was a separate corporation and that this corporation was solely responsible for the subdivision development; yet, to the contrary, there was evidence of agency and ostensible agency and of real and apparent authority on the part of Tucker to bind Davis Construction Corporation.
The power of an agent to bind his principal may rest on real or actual authority conferred in fact by the principal or may be founded on apparent or ostensible authority arising when the principal allows or causes others to believe the agent possesses such authority, as where the principal knowingly permits the agent to assume such authority or where the principal by his actions or words holds the agent out as possessing it. Stiles v. Gordon Land Co., Fla. 1950, 44 So.2d 417; Thomkin Corp. v. Miller, 1945, 156 Fla. 388, 24 So.2d 48; and 1 Fla.Jur., Agency, section 22, p. 628, and section 34, p. 639. We conclude that, when considered under the applicable principles of agency as to the responsibility of Davis Construction Corporation, there is adequate evidence to sustain the determination of the judge of the lower court as the trier and arbiter of the facts in place of a jury. The evidence likewise is adequate to uphold the decision of the trial judge that no liability attached to George R. Davis as an individual.
As to the question of liability of Golden Gateway Homes, Inc., the attorneys of that corporation have conceded through their brief that the corporation should have been found obligated. They assert that Golden Gateway Homes, Inc., admitted liability during the trial and that the court must have made an error as to that corporation. We are in accord that the evidence establishes liability on the part of that corporation for the materials furnished by the plaintiff; and, particularly in view of the concession of liability, the cause should be reversed as to this defendant and judgment should be entered against it. Accordingly, the cause is remanded to the court below for entry of judgment against Golden Gateway Homes, Inc., and the judgment in all other respects is affirmed.
Affirmed in part and reversed in part.
ALLEN, C.J., and SHANNON, J., concur.