RAWLS, Judge.
Appeal by Eli O’Neal, plaintiff below, from an order granting defendant Crump-ton’s (a Florida corporation) motion to dismiss plaintiff’s second amended complaint.
The sole point on this appeal is directed toward the sufficiency of plaintiff’s allegations pertaining to the authority of one James J. Martin to bind the corporate defendant.
Material allegations of the second amended complaint going to this point are:
(1) Plaintiff entered into a contract with defendant by and through its agent and manager, James J. Martin, to perform certain land clearing work and to furnish certain materials in the preparation of land for the defendant; (2) Martin represented to plaintiff that he was agent and manager of defendant and authorized to employ plaintiff to accomplish said work; and (3) shortly prior to entering into this contract, defendant had recognized similar contracts made by Martin with plaintiff and performed the obligations thereunder, thereby clothing Martin with the indicia of agency. The remaining allegations concerned performance and breach.
Plaintiff’s foregoing allegations are clearly founded upon the principle of law that an agent’s authority may be conferred in writing or it may be inferred *345 from the related facts of the case.[1] This rule is the established law of this jurisdiction and is found to have been enunciated recently in Tampa Sand & Material Company v. Davis,[2] the facts being similar to the allegations under consideration. There, George R. Davis, individually, purchased land and transferred title to a development corporation, Golden Gateway Homes, Inc. George R. Davis, individually, Davis Construction Corporation, and Golden Gateway Homes, Inc., were sued hy Tampa Sand & Material Company for materials furnished as a result of its representative having contacted L. W. Tucker, the project construction superintendent, concerning concrete for the project. Evidence was presented of agency and ostensible agency and of real and apparent authority on the part of Tucker to bind Davis Construction Company.[3] In sustaining the judgment against Davis Construction Corporation, Judge Kanner, speaking for the Second District Court of Appeal, enunciated the rule to be applied in the instant cause when he stated on page 127 of 125 So.2d:
“The power of an agent to bind his principal may rest on real or actual authority conferred in fact by the principal or may be founded on apparent or ostensible authority arising when the principal allows or causes others to believe the agent possesses such authority, as where the principal knowingly permits the agent to assume such authority or where the principal by his actions or words holds the agent out as possessing it. Stiles v. Gordon Land Co., Fla.1950, 44 So.2d 417; Thomkin Corp. v. Miller, 1945, 156 Fla. 388, 24 So.2d 48; and 1 Fla.Jur., Agency, Section 22, p. 628, and Section 34, p. 639.”
For the purpose of testing the motion to dismiss we must accept the foregoing allegations of the second amended complaint as being true. Applying these allegations to the above principles of law, we find that they demonstrate that the principal, Crumpton, by its past actions and conduct granted to Martin ostensible authority to cause others to believe that Martin was acting as agent for Crumpton and within the scope of his authority when he entered into the instant contract with the plaintiff.
We reiterate, that it is only the allegations that are now being considered — the factual proof and application of same is a matter for the determination of the trial judge in accord with the foregoing principles of law.
Reversed with directions to reinstate plaintiff’s second amended complaint and for further proceedings in accordance with this opinion.
WIGGINTON, Acting Chief Judge, and STURGIS and RAWLS, JJ., concur.

. Thomkin Corp. v. Miller, 156 Fla. 388, 24 So.2d 48 (1945).

. Tampa Sand & Material Company v. Davis, 125 So.2d 126, 127 (Fla.App.1960).

. See Davis Construction Corporation v. Tampa Sand & Material Co., Fla.App., 125 So.2d 592 (1960); affirmed on authority of Tampa Sand & Material Co. v. Davis, ibid.