161 So.2d 699 (1964)
AMERICAN LADDER & SCAFFOLD CO., Inc., a Florida corporation, Appellant,
v.
MIAMI VENTILATED AWNING MFG. CO., Inc., Miami Ventilated Awning Shutter Co., Inc., Miami Ventilated Awnings of Ft. Lauderdale, Inc., and Miami Ventilated Awning Installation Co., Inc., Appellees.
No. 63-440.
District Court of Appeal of Florida. Third District.
March 17, 1964.
Rehearing Denied April 1, 1964.
Carey, Terry, Dwyer, Austin, Cole & Stephens, Joseph A. McGowan and Edward A. Perse, Miami, for appellant.
Robert H. Givens, Jr., Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and HORTON, JJ.
CARROLL, Judge.
This is an appeal by American Ladder & Scaffold Co., Inc., the plaintiff below (herein sometimes referred to as American Ladder), from an adverse summary judgment. Defendant[1] leased from American Ladder a 40-foot aluminum extension ladder. It collapsed in use, and two workmen were injured. A suit brought by them against American Ladder was settled. American Ladder then filed this action against defendant on an indemnity contract embodied in the lease instrument. One Brooks, described as a mechanic or installation foreman, had been sent by defendant to American Ladder to obtain the ladder. On doing so, he signed a lease contract proffered by American Ladder which included an undertaking by the lessee to indemnify plaintiff-lessor for any loss from maintenance or use of the ladder. Defendant answered, denying Brooks had authority to so obligate it, and averring he did not know the contents of the paper he signed and thought it was a receipt.
In our opinion the record discloses issues of fact which may not be resolved on motion for summary judgment, and we are unable to agree with the able trial judge that *700 "there is no genuine issue as to any material fact," on which ground the summary judgment was granted, or that the defendant was entitled to judgment as a matter of law.
At the hearing on the motion for summary judgment, in addition to the pleadings there were before the court affidavits by presidents of the plaintiff and defendant and the deposition of the installation foreman, Brooks. In support of the motion an affidavit of the president of defendant stated as a conclusion that Brooks had no authority to make the agreement and did so without defendant's knowledge or approval.[2]
The affidavit of plaintiff's president filed in opposition to the motion stated that he had personal knowledge of the matter; that he prepared the contract, and recalled the arrangement made by the defendant for lease of the ladder; that he believed Brooks "was acting under the direction and at the express instruction of the officers of the corporation;" and that defendants had done the same thing previously, with their employees signing such agreements which had been acted upon without objection.
Brooks' deposition stated the arrangement for the ladder was made by the defendant company and he was dispatched to obtain the ladder; that when he signed he did not get a copy of the contract, and thought it was a receipt; and that he had done likewise on previous occasions.
An agent's authority need not be conferred in express terms, but may be implied or apparent under justifying circumstances. Thomkin Corp. v. Miller, 156 Fla. 388, 24 So.2d 48; Tampa Sand & Material Company v. Davis, Fla.App. 1960, 125 So.2d 126, 127; O'Neal v. Crumpton Builders, Inc., Fla.App. 1962, 143 So.2d 344, 345; 1 Fla.Jur., Agency, §§ 22, 34-36. In the Tampa Sand & Material Company case the rule was well stated by Judge Kanner, speaking for the second district court of appeal, as follows:
"The power of an agent to bind his principal may rest on real or actual authority conferred in fact by the principal or may be founded on apparent or ostensible authority arising when the principal allows or causes others to believe the agent possesses such authority, as where the principal knowingly permits the agent to assume such authority or where the principal by his actions or words holds the agent out as possessing it. Stiles v. Gordon Land Co., Fla. 1950, 44 So.2d 417; Thomkin Corp. v. Miller, 1945, 156 Fla. 388, 24 So.2d 48; and 1 Fla.Jur., Agency, section 22, p. 628, and section 34, p. 639. * * *"
Here the material question of whether the employee Brooks, on signing the lease contract containing an indemnity clause, bound his employer thereunder, could not be resolved simply by defendant's president stating as a conclusion that Brooks was not so authorized, or by the statement of the plaintiff's president that he thought the defendant's employee was so authorized. In order properly to resolve that question all of the circumstances of the transaction should be considered (T.G. Bush Grocery Co. v. Conely, 61 Fla. 131, 55 So. 867), including the previous course of dealing in which the parties had made and acted on similar contracts when so executed by employees, including Brooks (Bogue Electric Manufacturing Company v. Coconut Grove Bank, 5 Cir.1959, 269 F.2d 1, *701 5). Whether or not, under the applicable facts and circumstances, the scope of the agency, express, implied or apparent, was such as to make the indemnity contract effective and binding on defendant was a genuine, material issue for jury determination on proper instructions. See T.G. Bush Grocery Co. v. Conely, supra; Smith v. Texas Co., 111 Fla. 762, 149 So. 585; Florida National Bank at Orlando v. Bolena, Fla.App. 1959, 110 So.2d 436.
For the reasons stated the summary judgment appealed from is reversed.
Reversed.
NOTES
[1] The record discloses the several defendants were merged into Miami Ventilated Awning Manufacturing Co., Inc., and that Brooks was an employee thereof.
[2] The pertinent part of the affidavit of defendant's president was as follows:

"Robert Brooks was never authorized either by affiant or by the board of directors of either of the Defendant corporations to execute said agreement, or any other agreement, on behalf of said Defendants, or either of them, other than a simple rental agreement for the rental of a ladder.
"Robert Brooks executed said agreement without the knowledge and without the approval of either of said Defendants and neither of said Defendants has ever ratified said agreement."