PER CURIAM.
Plaintiff, Candace Courbier, brings this appeal to review an adverse partial summary judgment which dismissed as parties codefendants, The Miami Daily News, Inc. and its insurer, U. S. Fire Insurance Company, in a personal injury action. Herbert Earcell Whittle, The Miami Herald Publishing Company, American Home Insurance Company of New York, Federal Insurance Company and Travelers Indemnity Company remain as defendants in the case. The individual defendant, Herbert Earcell Whittle, as district manager of The Miami News, was delivering The Miami News in a vehicle owned by The Miami Herald Publishing Company when the vehicle struck and severely injured Mrs. Courbier.
It is plaintiff’s position on appeal that the Herald and the News had joint responsibility for the accident by reason of the employment of Herbert Whittle and that the business relationship between the News and the Herald constituted a business partnership. The News urges, however, that the contractual relationship between the News and Herald does not constitute a business partnership, and that Whittle was an employee of the Herald and the News had no responsibility for the accident.
A written contract between the News and the Herald outlines the relationship between these two organizations. Pursuant to this contract, The Miami Herald Publishing Company was given the right to use the trade name “The Miami News”. In addition, The Miami Herald Publishing Company compensated the News to compose and provide the editorial services of the News and after the completion of these tasks, the Herald was responsible for the printing and distribution of the paper. Accordingly, The Miami Daily News, Inc. was only responsible for the creation of The Miami News, and The Miami Herald Publishing Company, under the trade name “The Miami News”, was responsible for the circulation and the selling of the News.
In her brief and oral argument, appellant relies heavily on Stuyvesant Corp. v. Stahl, Fla.1952, 62 So.2d 18, an action for personal injuries which arose when the alleged agent-employee of defendant-hotel struck plaintiff while operating a motor vehicle. The hotel in question was a large hotel on Miami Beach which furnished parking for its guests. A verbal agreement was entered into between the hotel and a doorman to allow the doorman to operate the parking facilities as a concession. It was a familiar practice in this type of scheme for the doorman to employ such help as necessary in his service as doorman and parking attendant. The additional help hired for these purposes wore uniforms furnished by the doorman on which appeared the name of the hotel, and they were compensated entirely from tips received from hotel guests. The Supreme Court held that additional help hired by the doorman had the authority or apparent authority to act for the hotel in parking automobiles. Nothing put the guests of the hotel on notice that the doorman and those engaged by him were not acting for the hotel and, therefore, the hotel was liable for the negligent actions of the driver of the automobile.
Candace Courbier says that Stahl is on all fours with the instant case. She sees the significance of the ruling not to be reliance, but whether the News gave Whittle the actual or apparent authority to act for it, which, according to plaintiff it obviously did.
The additional doorman hired in Stahl was working for the hotel and had actual or apparent authority to act for the hotel, but Whittle, in the case at bar, was working solely for his employer, the Herald, and had no authority of any type to act for the News. The employer-employee rela *745 tionship between Whittle and the Herald has been admitted by the Herald. Defendant, the Miami Daily News, Inc., merely operated its own editorial staff, compiled the paper and did not have any duty to perform the services which Whittle performed on behalf the Herald, to-wit: circulation and distribution. Therefore, the News had no control of Whittle and is not responsible for his acts.
The News, furthermore, cannot be held responsible for Whittle’s acts without a showing that it had a right to control Whittle. The mere use of a trade name cannot establish such a right to control. See Cawthon v. Phillips Petroleum Co., Fla.App.1960, 124 So.2d 517; Miller v. Sinclair Refining Co., 5th Cir.1959, 268 F.2d 115.
Under the circumstances of the case sub judice the trial court did not abuse it’s discretion in granting the protective order prohibiting the plaintiff to depose a corporate officer of The Miami Daily News, Inc.
In light of the views expressed herein, it follows that the judgment appealed should be and it is hereby affirmed.
Affirmed.