OWEN, Chief Judge.
Appellants,[1] the alleged prospective sellers in an abortive real estate transaction, *739 were sued by the broker for his commission and by the prospective purchasers for damages for breach of contract. Upon trial before a jury, the court directed a verdict against appellants, who now seek review of the adverse final judgments for damages.
The subject property is a small motel located on the ocean in Melbourne Beach, Florida. The record title was vested in the appellants’ son, Ronald, but appellants held an unrecorded deed from Ronald and his wife. In November, 1970, Ronald executed under his own name an exclusive listing agreement (not under seal) with a real estate broker, appellee-Allen C. Smith. At that time, the broker was aware of the existence of the unrecorded deed held by appellants. The following July, the broker presented to Ronald a deposit receipt agreement signed by appellees-Vorspan, Bernstein and Glenn as prospective purchasers of the property. On August 1, 1971, Ronald signed the agreement under his own individual signature and seal. The contract was not signed in the names of appellants nor by Ronald as their agent. Within a matter of days thereafter, public announcement was made of the fact that Disney World had acquired substantial holdings in the immediate vicinity, as a result of which Ronald notified the broker that the property was worth much more than the contract price and that the sellers would not perform the contract.
The broker initially filed suit to inter-plead all parties because of the cash deposit which he held, but subsequently by supplemental complaint the broker sought his commission from appellants and Ronald Coyle, and by amended cross-claim the prospective purchasers sought alternatively specific performance or damages against Ronald and, by separate counts, like relief against appellants. Upon trial, the claims resulting in judgments for damages against appellants only.
We conclude that it was error to direct a verdict in favor of the appellees as there were factual issues for the jury on the claim made by the broker as well as the cross-claim of the prospective purchasers.
 In reference to the cross-claim of the prospective purchasers, it must be remembered that this was a contract under seal executed only by Ronald Coyle. Such a contract is not binding on the undisclosed principal where it has been executed as the instrument of the agent under his individual signature and seal, and does not on its face profess to bind the principal and purport to be the principal’s contract, even though the other party to the instrument actually knows the principal and that the agent is contracting for him. Pentecostal Holiness Church, Inc. v. Mauney, Fla.App. 1972, 270 So.2d 762; McMullen v. McMullen, Fla.App. 1962, 145 So.2d 568; Bellaire Securities Corporation v. Brown, 1936, 124 Fla. 47, 168 So. 625. However, the principal will be bound if he has subsequently ratified the contract. Bellaire Securities Corporation v. Brown, supra. While it is clear that the contract in this case comes within the above stated rule, the question of whether the principal subsequently ratified the contract presented a factual issue for the jury.
The listing • contract under which the appellee-broker based his claim was not a contract under seal, and therefore was not subject to the above rule. Appellants would be bound on this contract if, at the time Ronald Coyle executed the same, he was their agent and was acting within the scope of his real or apparent authority.[2] There were, however, factual issues as to (1) the existence of an agency relationship between appellant and their son, Ronald, and (2) if such relationship existed, whether Ronald was acting within the scope of his real or apparent authority. These were issues for the jury.[3]
*740 The judgments in favor of the several appellees are reversed and this cause remanded for a new trial.
Reversed and remanded.
DOWNEY, J, and PAUL, MAURICE M., Associate Judge, concur.

. The notice of appeal was filed on behalf of Ronald Coyle, Roy Coyle and Ilazel Coyle, who were defendants in the trial court. However, no judgment was entered as to Ronald Coyle. The appeal is dismissed as to him, and reference herein to appellants means Roy Coyle and Hazel Coyle, his wife.

. Thomkin Corporation v. Miller, 1945, 156 Fla. 388, 24 So.2d 48.

. Financial Fire & Casualty Company v. Southmost Vegetable Corporative Association, Fla.App.1968, 212 So.2d 69.