BARKDULL, Chief Judge.
The appellant, plaintiff in the trial court, seeks review of a summary judgment entered in an action for specific performance.
The plaintiff alleges that the defendant gave him the right of first refusal on certain real property, in exchange for legal advice for which he did not charge the defendant. The right to first refusal was not in writing. Thereafter, the defendant found a buyer and a contract was drawn up, which the defendant approved and signed; acceptance thereof was not communicated to the buyer. Then a contract was sent to the plaintiff and he was offered the property at the same price and terms and conditions. The plaintiff signed it and gave the broker a $5,000.00 deposit. The broker received the deposit and signed the contract. The defendant then refused to sell, alleging the buyer had increased his offer, and the plaintiff sued for specific performance. The court granted the summary judgment in favor of the defendant.
We find that the trial court erred in entering a summary judgment for the defendant. There was no question but that the seller received a bona fide offer for $50,000.00 by written deposit receipt; she signed this receipt and returned it to her broker. Because of the defendant’s prior conversations with the appellant, the broker did not deliver the completed agreement to the third person but was instructed by the defendant and he did deliver to the appellant a further contract containing the identical terms of those last submitted by the third person. Thereafter, the appellant accepted the identical terms, signed the deposit receipt, tendered another $5,000.00 check, and delivered it to the broker. His deposition disclosed that the seller had told him to conduct his negotiations through the broker, which he did.
On the state of the record, it is obvious that [notwithstanding any question of validity of the oral right of first refusal, which we do not determine] pursuant to the appellee’s direction the appellant was offered a contract, which he executed and which he contends is a fully executed contract in writing for the purchase of realty. This contention is based on the allegation that the appellee had designated the broker as her agent for purposes of executing said contract. This allegation has not been refuted by the appellee, other than by way of a motion to dismiss executed by her counsel. These assertions clearly raise an issue of material fact as to such an agency relationship. To determine that no agency relationship existed would have required the trial court to make a determination of fact, which ought not be made in a summary judgment proceeding. American Ladder & Scaffold Co. v. Miami Vent. Awn. Mfg. Co., Fla.App.1964, 161 So.2d 699; Herold v. Computer Components International, Inc., Fla.App.1971, 252 So.2d 576. See also: Dean v. Gold Coast Theaters, Inc., Fla.App.1963, 156 So.2d 546; Holl v. Talcott, Fla.1966, 191 So.2d 40; Visingardi v. Tirone, Fla.1966, 193 So.2d 601.
It was error for the trial judge to enter a summary judgment for the defendant *239 and, therefore, the matter is returned for further proceedings not inconsistent with this opinion.
Reversed and remanded, with directions.