CHARLES CARROLL, Associate Judge,
(concurring specially).
I concur in this court’s judgment and opinion. The ruling of the trial court on the hearing on defendant’s motion for summary judgment, that the defendant was entitled to judgment as a matter of law, was incorrect where the record revealed the written contract which the plaintiff signed for purchase of the property also was signed by the broker at the place provided for a seller’s signature.
The copy of the contract signed by the broker, which was delivered to him, was attached to the complaint. The purchaser was aware of the ownership of the property, having previously entered into a contract with the owner for the right of first refusal. The broker, who was the agent of the seller, was known to the purchaser as such.
After the seller had received a signed offer for purchase of the property from a third party on stated terms acceptable to the seller, the basis or terms upon which the plaintiff as the holder of the right of first refusal was entitled to purchase the property were fixed and determined. The broker was dispatched by the seller to “negotiate” the sale to the plaintiff, necessarily on that basis. A contract for purchase on those terms, submitted by the broker, was signed by the plaintiff and the broker. In addition to implication thereby of express authority to the broker to make the contract for the seller, the signing of the contract by the broker could be held to be sufficient to bind the seller on the theory of apparent authority for the professed agent to so act. Thompkin Corporation v. Miller, 156 Fla. 388, 24 So.2d 48.
The fact that the broker (who signed the contract in the place of the owner) did not add or insert after his signature the words “as agent” or “agent” is not material. In signing the contract at the place for signature of the seller named therein, it must be considered either that the broker did so intending to bind himself for sale of the property as the owner thereof, or that he signed the contract on behalf of the owner. In the circumstances, to assume the former would not be logical, while the latter assumption would appear logical and reasonable, if not compelling. At the least, if a question remained as to the broker’s capacity in that connection it would be one for determination at trial, as a material issue having important bearing on the merits of the plaintiff’s claim for specific performance of the contract.
PEARSON, J., dissents.