**KLEINMAN, et al v. ETHERIDGE, et al.**

No. 79-7842 (08).

Circuit Court, Dade County.

October 7, 1979.

Michael Hacker of Hacker, Phelps & Matters, Miami, for the plaintiffs.

Stuart Simon, County Attorney, Roy Wood, Assistant County Attorney, for the defendant Dade County.

FRANCIS X. KNUCK, Circuit Judge.

*Final judgment for defendant Dade County:* This matter came before the court originally on defendant Dade County's motion to dismiss the complaint for failure to state a cause of action.

The complaint alleges that the co-defendant Etheridge obtained from a deputy court clerk a certified copy of a portion of the court record in a county court criminal proceeding which indicated plaintiff's prior arrest, notwithstanding the sealing of the court file by court order. It is further alleged that the release of such information by the clerk's employee was therefore negligent·and that defendant Dade County is vicariously liable for such negligence by the clerk's employee. The clerk of the circuit court is also named as a defendant in this action.

Plaintiffs' theory for holding Dade County liable is based on the doctrine of respondeat superior, and no other basis appears in the complaint. In order for defendant Dade County to be held liable for the acts of the clerk of the circuit court or his employees, it must be shown that said defendant has the authority to supervise and control the conduct of the clerk and his employees in the performance of their duties related to the administration of the courts. Liability under the doctrine of respondeat superior rests upon the essential element of the power to control. *Courbier v. Miami Daily News, Inc.,* 265 So.2d 743, 745 (Fla. 3 DCA 1972); *Sapp v. U.S.,* 227 F.2d 280 (5 Cir. 1955); McQuillan, *Municipal Corporations,* §53.66 (3d Ed. rev.).

The clerk of the circuit court is an independent constitutional officer elected by the people. Fla. Const. Art. V §16; Art. VIII §1(d.) Unlike other public offices in Dade County, the office of clerk of the circuit court may not be abolished by county charter. Fla. Const. (1885) Art. VIII §11(f); Fla. Const. (1972) Art. VIII §6(e). The clerk of the circuit court may appoint deputies for whose acts he shall be liable. Fla. Stat. §28.06. The clerk of the circuit court is also the clerk of the county court, Fla. Stat. §34.031, and he may, with the concurrence of the chief judge of the circuit, appoint deputy clerks for the county court for whose acts the clerk shall be liable. Fla. Stat. §34.032. In the event of a vacancy occurring in the office of clerk of the circuit court, the judge of that court shall appoint a clerk ad interim. Fla. Stat. §28.09. The clerk is a ministerial officer of the court. *Pan American World Airways v. Gregory,* 96 So.2d 669 (Fla. 3 DCA 1957).

It is clear as a matter of law that the clerk of the circuit court functions as an officer or agent of the judicial branch of state government and cannot be controlled in the exercise of his court related duties by any county government. Inasmuch as defendant Dade County therefore lacks the power to control the conduct of the clerk of the circuit court or his employees with respect to the acts or omissions alleged in the complaint, said defendant cannot be held liable therefor.

On June 20, 1979, the court entered an order dismissing the complaint for failure to state a cause of action for the reasons stated above. Said order allowed a period of twenty days within which plaintiff could file an amended complaint. Plaintiff has not filed an amended complaint, and defendant Dade County has moved for entry of judgment in its favor. That motion should be granted.

Accordingly, it is hereby ordered and adjudged that plaintiffs Herbert Kleinman and Laura Natter take nothing by their action against defendant Dade County and that defendant Dade County go hence without day.