COPE, Judge.
Banco Santander Puerto Rico appeals a final judgment in favor of defendant-appel-lees Select Title Service Inc. and Ronald G. Klein. We affirm.
In 1989, Agustín and Clara Berenguer (“Borrowers” or “Sellers”) borrowed $120,-000 from Intermortgage Corporation for which they executed a note and mortgage. Intermortgage sold the note and mortgage to Caguas Central Federal Savings Bank, now Banco Santander Puerto Rico. By written agreement Intermortgage remained the servicing agent for the Berenguer loan, among others.
In 1995, Sellers entered into a contract to sell their property. Defendant-appellee Select Title Service Inc. acted as the closing agent. Defendant-appellee Ronald G. Klein is president and chairman of the board of directors of Select Title.
By letter Select Title asked Intermortgage for the payoff figure for the Sellers’ loan, through May 31, 1995. Intermortgage provided the requested information and instructs ed that “[o]nly Cashiers Cheek or Certified Funds payable to Intermortgage Corporation are acceptable for final payment....” The Intermortgage letter indicated that it had been sent by “Intermortgage Corporation as Service Agent for Banco Santander Puerto Rico f/k/a Caguas Central Federal Savings Bank.” Prior to the closing date, Select Title updated the title and confirmed the final payoff figure with Intermortgage.
On May 23, 1995, the day before the closing, Banco Santander terminated its mortgage servicing agreement with Intermort-gage. However, no notice of this termination was provided to Select Title or any of the other parties to the real estate closing.
On May 24, 1995, the closing took place. On May 25, 1995, Select Title issued a check payable to Intermortgage for the payoff amount of the mortgage loan. Intermort-gage cashed the check but did not remit the proceeds to Banco Santander.
Banco Santander sued Select Title and Klein for negligence and breach of fiduciary duty.[1] Banco Santander contended that Select Title and Klein owed it a duty of care and had breached that duty by sending the mortgage payoff to Intermortgage instead of Banco Santander.[2] More particularly, Banco Santander argued that Select Title and Klein were under an obligation to verify directly with Banco Santander that Intermortgage had been authorized by the bank to receive the mortgage payoff funds.
Select Title moved to strike the complaint as a sham, and alternatively to dismiss. The trial court granted the motion and Banco Santander has appealed.
Select Title and Klein filed documents showing that Intermortgage was Banco San-tander’s mortgage servicing agent until Ban-co Santander terminated that relationship on May 23, 1995. Included within Intermort-gage’s authority was the authority to receive loan payoff amounts where, as here, a borrower prepaid a mortgage. Banco Santan-der does not dispute this.
On April 28, 1995, Select Title wrote to Intermortgage to request a payoff figure for *952 the Berenguer loan through May 31, 1995. Intermortgage responded, in writing, in early May 1995. Intermortgage specifically instructed that the loan payoff amount should be by cashier’s check or certified funds payable to Intermortgage Corporation. Inter-mortgage gave the requested loan payoff amount. The Intermortgage letter accurately stated that Intermortgage was the service agent for Banco Santander.
The loan payoff instructions — including the instruction to make the check payable to Intermortgage — were issued by Intermort-gage at a time when Intermortgage was the duly authorized agent for Banco Santander. Banco Santander was accordingly bound by the statements of its agent made while the agent was acting within the scope of its authority. See Thomkin Corporation v. Miller, 156 Fla. 388, 390, 24 So.2d 48, 49 (1945).
Prior to the closing, Select Title updated the title and confirmed the final payoff figure with Intermortgage.[3] Select Title then paid the funds as previously instructed.
In the absence of notice of revocation of Intermortgage’s authority, or any facts which created a duty of inquiry, Select Title was permitted to assume that the agency relationship continued to exist between Inter-mortgage and Banco Santander. The law has been summarized:
§ 52. Notice to third persons
With respect to third persons, the principal, as a rule, may revoke the authority of his agent at any time, but the acts of an agent after his authority has been revoked may bind a principal as against third persons who, in the absence of notice of the revocation of the agent’s authority, rely upon its continued existence. The general rule is that the acts of an agent, within the apparent scope of his authority, are binding on the principal as against one who had formerly dealt with him through the agent and who had no notice of the revocation, because such a person is justified in assuming the continuance of the agency relationship. This is especially so with reference to transactions initiated by the agent before the revocation of his authority, as in the case of persons continuing to deal with purchasing agents.
3 Am.Jur.2d Agency § 52 at 553 (2d ed. 1986) (footnotes omitted; emphasis added). Because Select Title had no notice of the revocation of Intermortgage’s authority, Select Title was permitted to submit the loan payoff amount to Intermortgage, as Intermortgage had previously instructed.
In support of its position, Banco Santander argues principles relating to apparent authority. Banco Santander says that Select Title could not rely on anything that Inter-mortgage said without verifying Intermort-gage’s authority with Banco Santander. Whatever may be true in cases of apparent authority does not apply here. This is a case of actual authority. Here there is no question that Intermortgage had actual authority to issue the loan payoff instructions. In early May, Intermortgage was Banco San-tander’s agent and in that capacity gave Select Title the payoff amount and told Select Title to make the check payable to Inter-mortgage. As already stated, Banco Santan-der is bound by the statements of its agent within the scope of the agency.
Banco Santander also raises technical objections to the estoppel letter which Inter-mortgage sent. The bank claims that the Intermortgage letter (which apparently contains a typographical error) set a payoff figure which was only good through May 3, 1995, not the date of the closing. That is not a fair reading of the letter, which plainly shows the calculation of the payoff amount as of May 31. Even if Banco Santander were correct, however, Klein’s uncontroverted affidavit states that he reconfirmed the payoff figure prior to closing.
Affirmed.

. Banco Santander also sued the Borrowers on the note since, after the date of the closing, the Borrowers had made no further payments on the note. The bank sued the buyers and the buyers’ lender, claiming that they, too, were liable for negligence because Select Title sent the payoff amount to Intermortgage instead of Banco San-tander. Those defendants are not before us on this appeal, and we express no view on the merits of the bank’s claims.
In a separate lawsuit, Banco Santander sued Intermortgage for breach of contract and conversion, among other things.

. The parties have not briefed, and we do not address, any issue regarding the nature and extent of the duties of a closing agent.

. It is not clear whether the updating of title and confirmation of the payoff figure took place before or after the revocation of Intermortgage's authority on May 23. However, for present purposes the timing of the update is immaterial.