PER CURIAM.
Plaintiff appeals a summary final judgment entered in favor of defendant Uni-gard Insurance Company.
Plaintiff-appellant, David & Dash, Inc., is a wholesaler of fabrics and wall coverings and for several years previous to 1973 obtained its insurance coverage through defendant Titan Agencies, Inc., a Miami insurance agency. Effective October 15, 1973, a casualty insurance policy issued by *87 Unigard Mutual Insurance Company was obtained by Titan through Inram Corporation, a New York insurance broker. The policy covered, inter alia, plaintiff’s personal property against fire losses at three specified Miami locations. In the latter part of October, representatives of Titan met with representatives of plaintiff to confer on the matter of coverage for personal property located at various places other than the three Miami locations specified in the policy. Here deposition testimony is conflicting. Plaintiff’s witnesses claimed that Titan’s representatives told them that there already was coverage for off-premises personal property losses, or that Titan would obtain such coverage to be effective as of the date of the meeting. In his deposition Titan’s representative testified he never made a statement that plaintiff was so covered, but rather that Titan would try to obtain such coverage for which an additional premium would be charged. Titan requested a quotation on the additional coverage from Inram Corporation and effective February 27, 1974 off-premises coverage was obtained by Titan through Inram Corporation. In the meantime, plaintiff suffered the loss of off-premises personal property in two fires — one in Freeport, New York on November 10, 1978; the other at Hallandale, Florida on January 15, 1974. Unigard denied coverage and plaintiff filed several complaints against Unigard and Titan alleging that the property lost in the fires was represented by Titan as being insured under the Unigard policy. Following pretrial discovery, Unigard was granted final summary judgment. Plaintiff appeals and argues that there is a genuine issue of fact as to whether Titan had the apparent authority to bind coverage on behalf of Unigard. We cannot agree.
First, Titan had no actual authority to bind Unigard to the risk. Second, assuming arguendo that Titan at the meeting in October 1973 advised plaintiff that it was immediately covered for off-premises losses, there is no evidence that Titan had the apparent authority to so bind Unigard. Titan did not have in its possession the indicia of authority to bind Unigard, i. e. application forms, literature, letterheads, calling cards, etc. Plaintiff did not sign an application form for the insurance and the record nowhere reflects that Titan held itself out to be an agent of Unigard. See Centennial Insurance Company v. Parnell, 83 So.2d 688 (Fla.1955). Any misunderstanding as to the effective date of off-premises coverage is between plaintiff and Titan. Thus, Unigard would not be involved. See Peddy v. Pacific Employers Insurance Company, 246 F.2d 306 (5th Cir.1957) and Centennial, supra.
Affirmed.