498 So.2d 448 (1986)
Michael E. SMITH, Appellant/Cross-Appellee,
v.
AMERICAN AUTOMOBILE INSURANCE COMPANY, a Missouri Corporation, Appellee/Cross-Appellant.
No. 85-2128.
District Court of Appeal of Florida, Third District.
July 29, 1986.
Harper & Hewitt, James C. Blecke, for appellant/cross-appellee.
Corlett, Killian, Hardeman, McIntosh & Levi and Leanne J. Frank, for appellee/cross-appellant.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
NESBITT, Judge.
Smith, a pedestrian, was hit by a car which was driven by an uninsured motorist. Smith claimed benefits under an American Automobile Insurance Company (AAIC) *449 policy issued to Marshall Berwick Leasing Company (Berwick). The master policy had been issued to Berwick so that it could offer coverage, through the policy, to longterm automobile lessees. The trial court held that Smith, who had leased a car from Berwick three months earlier for fifteen months, was covered under Berwick's policy, but only up to the uninsured motorist liability limit of $10,000. Smith contends that the trial court's imposition of this limitation was error. On cross-appeal, AAIC contends that Smith is not entitled to keep the $10,000 payment which it mistakenly made, as Smith was not an insured under the policy, and that the payment ought to be returned. We agree with AAIC and reverse.[1]
Smith asserts that Berwick, acting as AAIC's agent, bound AAIC in a contract for insurance with him. It should be noted at the outset that no written agreement for insurance existed between Berwick and Smith, or between AAIC and Smith. In fact, Smith failed to establish that he even filled out an application for insurance. The master policy issued to Berwick by AAIC provides for insurance coverage to longterm lessees through one of four methods. The only method applicable in this case provided coverage for "1) any automobile under a written lease agreement issued by the named insured, stating a lease period of one year or more and in which the named insured agrees to provide liability insurance." The lease between Berwick and Smith, failed to contain any provision whereby Berwick agreed to provide liability insurance. Nonetheless, Smith maintains that he was told by a Berwick agent that he was covered under an insurance policy, though admittedly AAIC was never mentioned by name, and that he paid premiums to Berwick for the insurance coverage. Smith contends that therefore Berwick bound AAIC, and that Smith was covered.
Berwick did not have the actual authority to bind AAIC. Berwick was instructed to have lessees complete an insurance application and then submit the application for AAIC's approval. Further, Berwick was authorized only to inform lessees seeking insurance through AAIC that such insurance was subject to AAIC's approval, but that coverage would be provided for thirty days, during the pendency of the application. Absent actual authority, Berwick could only have bound AAIC as an apparent agent.
Three elements must be present in order to "establish apparent agency: `(1) a representation by the principal; (2) reliance on that representation by a third person; and (3) a change of position by the third person in reliance upon such representation to his detriment.'" Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 494 (Fla. 1983) (quoting Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442 (Fla. 5th DCA 1918)). In the present case, there was no representation made to Smith by AAIC with respect to Berwick's authority to act as its agent. Smith did not even know the name of the insurance company involved. These facts establish that Smith was not relying upon any representation of AAIC. Cf. H.S.A., Inc. v. Harris-in-Hollywood, Inc., 285 So.2d 690, 693-94 (Fla. 4th DCA 1973) (where third party relies on agent as a principal, the doctrine of apparent authority is invalid), cert. denied, 290 So.2d 493 (Fla. 1974). Berwick's representations did not bind AAIC because the doctrine of apparent authority "rests on appearances created by the principal and not agents who often ingeniously create an appearance of authority by their own acts." Taco Bell v. Zappone, 324 So.2d 121, 124 (Fla. 2d DCA 1975); see also Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A., 483 So.2d 775 (Fla. 3d DCA 1986); Owen Industries, Inc. v. Taylor, 354 So.2d 1259, 1262 (Fla. 2d DCA 1978). Smith contends that AAIC's act of giving Berwick insurance application forms amounted to the representation that Berwick *450 was to act on AAIC's behalf. However, the fact that Berwick possessed AAIC insurance applications did not give Berwick apparent authority to bind AAIC. Applefield v. Commercial Standard Insurance Co., 176 So.2d 366 (Fla. 2d DCA), cert. denied, 183 So.2d 209 (Fla. 1965); cf. David & Dash, Inc. v. Unigard Mutual Insurance Co., 343 So.2d 86 (Fla. 3d DCA 1977). Where there has been no representation there can be no reliance. See Owen Industries, Inc., 354 So.2d at 1262; cf. H.S.A., Inc., 285 So.2d 690.
We conclude, based upon the foregoing analysis, that Berwick did not have the actual or apparent authority to act as AAIC's agent and bind it in a contract with Smith. Consequently, AAIC is not bound by Berwick's actions and Smith is not an insured under the master policy issued to Berwick. See Hughes v. Pierce, 141 So.2d 280 (Fla. 1st DCA 1961). The trial court erred in finding that Smith was covered under the AAIC policy. Accordingly, we reverse with directions that the trial court order that Smith return to AAIC the $10,000 payment mistakenly made to him.
NOTES
[1] We need not reach the issue raised by Smith's appeal, concerning the extent of coverage under section 627.727(1), Florida Statutes (1983), since we find that Smith was not covered at all under the AAIC policy.